BUTLER, C. J., CARPENTER, FOSTER, SEYMOUR, AND GRANGEP * Js.

WILLIAM STRONG *vs.* JOHN LAWLER.

The authorities seem to require that in a declaration in replevin for property distrained for rent, the particular place where the property was taken should be alleged as well as the town.

But the reasons for this rule are not satisfactory and it should not be extended.

In a declaration in replevin for cattle impounded it is sufficient to allege the town where they were taken.

And it would seem to be sufficient in all cases of replevin provided for by our statutes, distraining for rent not being known to our law.

REPLEVIN, brought to the Superior Court in Litchfield County.

The writ was as follows : By authority of the state of Connecticut you are hereby commanded without delay to cause to be replevied to William Strong, of Woodbury, in Litchfield County, his beasts, to wit, thirty sheep, now distrained or impounded by John Lawler, of said Southbury, and by him unjustly detained, as it is said ; and you are to summon the said John Lawler to appear before the Superior Court, to be holden at Litchfield, in and for the County of Litchfield, on the 1st Tuesday of November, 1868, next; then and there to answer unto the said William Strong, in a plea of trespass, wherein the said William Strong complains that the

* Judge GRANGER of the Superior Court was called in, in the place of Judge PARK who was absent.

said  John  Lawler,  on  the  12th  day  of  September,  1868,  at said  Southbury, took  the  said  beasts, the  said  sheep, and  them unjustly impounded and detained, as aforesaid, until this time; which  is  to  the  damage  of  the  said  William  Strong the  sum of  two  hundred dollars, and  therefore  he  brings  this  his suit, the  said  William  Strong  having  given  bonds  according to law.    Hereof  fail  not,  but  of  this  writ,  with  your  doings thereon, make  due  return  according to law.

To  this  declaration  the  defendant  demurred.    The  court (*Phelps, J.*)  overruled  the  demurrer  and  rendered  judgment for the  plaintiff.

The  defendant  filed  a  motion  in  error,  assigning  as  error that  the  declaration  was  insufficient  because  the  *locus in quo* was  not  described in  it  with  sufficient  certainty.

*E. W. Seymour* and *Huntington,* for the plaintiff in error.

1.   The  plaintiff  in  his  declaration  has  not  described with sufficient  certainty  the  place  where  the  animals  were  taken. In  a  declaration  in  replevin  there  must  be  certainty  in  the description  of the *locus in quo.*  1 Chitty Pl., 165 ; 2 Chitty Pl., 397,  notes *c* and *e*, and  forms  on  pages  540, 645, 646, 647 ; Stephen Pl., 43, 161 ; 2 Wheat. Selwyn, 912 ;  1 Wms.  Saund., 347, note 1 ;  2 Greenl. Ev., § 562 ;  Gould's Pl., ch. 3, § 111 ; *Gardner* v. *Humphrey,* 10 Johns., 53 ; *Loomis* v. *Tyler,* 4 Day, 141.

2.   The  form  given by  our  statute  recognizes  the  soundness of  the  above  rule  and  requires  the  same  certainty  of  descrip- tion.    Gen. Stat., p. 76, sec. 330.

3.   The  defect  in  the  plaintiff's  declaration  is  fatal  on  de- murrer.    Buller N. P., 53 ;  2 Chitty Pl., 844, note *h ; Potten* v. *Bradley,* 2 Moore & Payne, 20 ; *Banks* v. *Angell,* 7 Adol. & El., 843 ;  Bac. Ab., " Replevin and Avowry," *H.*

*Cothren,* for the  defendant in error, cited *Persse* v. *Watrous,* 30 Conn., 140, 143 ; *Loomis* v. *Tyler,* 4 Day, 141, 144 ; 2 Greenl. Ev., §§ 561, 562 ; 1 Swift Dig., 523, 524.

FOSTER, J.    To  the  declaration  in  this  case  the  defendant

demurs generally, because the place where the animals were taken is not set forth more definitely. The allegation is simply "at said Southbury."

It has frequently been decided in England that in replevin the declaration must allege a place, in addition to the town, vill, parish, or hamlet, where the property was taken; and if such allegation be wanting, the declaration has been held bad on demurrer. *Ward* v. *Lavile,* Cro. Eliz., 896; *S. C.* (under the name of *Ward* v. *Lakin*), Moor, 678; *Read* v. *How,* 1 Brownl., 176; *S. C.* (under the name of *Read* v. *Hawke*), Hob., 16; *S. C.* (under the name of *Read & Hawe's case*), Godbolt's Rep., 186. Most of the cases which had then been decided are collected by Mr. Sergeant Williams, in a note to *Potter* v. *North,* 1 Saund. Rep., 347. All these are old authorities, but a more recent case, *Potten* v. *Bradley,* 2 Moore & Payne, 78, recognizes the same rule of law. That case stood on a special demurrer to the declaration for the same cause alleged in this case, that the *locus in quo* of the caption was not specifically set forth. The case was argued for the defendant, but during the argument for the plaintiff, on a suggestion from the court, the plaintiff amended his declaration; costs to abide the event.

In *Banks* v. *Angell,* 7 Adolp. & Ell., 841, the place of caption was not stated; the defendant made avowry, which was held insufficient on demurrer, yet the court held it sufficient to cure the defect in the declaration.

The elementary writers generally lay down the same doctrine. 6 Bac. Ab., *Replevin & Avowry,* H. 72; 1 Chitty on Plead., 161; Stephen on Plead., 202; Wilkinson on Replevin, 41; Gould on Plead., chap. 3, § 111; Browne on Actions at Law, 447: 2 Greenleaf Ev., § 562.

We are not disposed to enforce rigorously a technical rule of pleading, unless it be necessary to further the ends of justice or to sustain some valuable principle of law. To pronounce this declaration insufficient would not, we think, promote either of those objects, and we are inclined therefore to hold it sufficient.

A careful examination of the authorities above quoted,

which seem to establish the doctrine contended for by the defendant in this case, may not be without interest, and will, we think, aid us in coming to a correct result.

*Ward* v. *Lavile*, or *Ward* v. *Lakin*, as the case is styled in Moor, decided in the 43d and 44th of Elizabeth, is very briefly reported both by Croke and Moor. It is merely said that the plaintiff counts of the taking *apud Dale*, without alleging any certain place, as the usual course is to say *in quodam loco vocat.* &c. And for this cause the defendant demurred. And the count held to be ill, for the place is put in the count to give notice to what the defendant should make his title, and answer that the vill is too general and uncertain. Wherefore the count, being against the general form, was adjudged to be ill.

*Read* v. *How* is thus reported by Brownlow : "In replevin, the place was omitted in the declaration, and the defendant demurred, and held a good cause, for the plaintiff is bound to take notice where the cattel are distrained. A man cannot distrain for a rent charge but in the daytime, because I may take notice where it is, because the law presumeth that I, or my servants, are all the day upon the ground."

Sir Henry Hobart reports this case under the name of *Read* v. *Hawke*. The declaration charged the defendant with taking his beasts at Occult, to his damage, &c. The defendant demurred upon the declaration because there was no place. where the taking was, but only a town. After argument at the bar, it was adjudged by the court that the declaration was naught for the cause aforesaid, &c. The reporter goes on to state that the case which rules this was the case in 35 H. VI., fol. 40. Sir Henry then quotes the pleadings in that case at length, in the somewhat barbarous Latin of that age. The plaintiff, Dimmocke, complained that the defendant, Astead, at Totting, in a certain place called, &c., took his beasts, to wit, three cows and four bullocks, (*apud Totting in quodam loco vocat.* &c., *cepit averia, viz., tres vaccas et quatuor boviculos.*) The declaration was not demurred to, but the omission to name the place of caption was noticed by the court, and it seemed to the judges that the defendant must avow the taking

before he could have a return of the beasts. He then made avowry in due form, and judgment was rendered *de retorno habendo.* This is Sir Henry Hobart's report of the case.

Under the name of *Read and Hawe's* case, Godbolt reports this case more fully than Brownlow or Hobart. He says the plaintiff counted that the defendant, *cepit averia* of the plaintiff, *apud Occould,* and doth not say *in quodam loco,* &c. Upon which the Defendant did demur in law. *Haughton,* Sergt., argued for the defendant. *Hutton,* Sergt., for the plaintiff; and during the progress of his argument he was interrupted by the Chief Justice of the court. " Cook, Chief Justice"—(this was the famous Sir Edward Coke, whose name was frequently thus written in those days)—" said, that there is no book which taketh this exception, and said that, notwithstanding the precedents cited, it was well enough; for he said there was a difference between precedents which are the invention of clerks, and judicial precedents; and the effect of the suit in this case is, not the showing of the place, but the having of the cattel; and it is on the part of the defendant to show where he took the cattel, for perhaps the plaintiff doth not know where he took them, and if he did know the place where they were taken, yet perhaps he hath not witnesses to prove the same, and so by this means the plaintiff should be at a great mischiefe and delayed in his suit. Whereas a replevin is *festinum remedium* to have his cattel again, which perhaps are his plough cattel." Waburton, Justice, said * * * " that in this case he who best knows where the taking was ought to show it, and that is the avowant; for it is no reason that the plaintiff for missing of the place, not being of the substance, should be triced." At another day, Cook said " that in the Book, *Nov. Narration.,* it is said that the town, place, and colour of the beasts ought to be showed by the plaintiff in replevin; and he said, if the colour had been left out, he would have given credit to the book, because it is clear that the colour is not needful to be showed; therefore he did not approve of the authority for the place." *Haughton,* Sergt., for the defendant, relied on the case in Henry the Sixth's time—*Dimmocke* v. *Astead,* (quo-

ted above in Hobart's report,) and *Hutton*, Sergt., for defend-
ant, insisted upon a subsequent case in 9 Ed. IV., 41, 25,
where it was held that the use is to declare in a certain place,
but if the place be omitted yet it is good enough. And he
said that the cause of the judgment in the case in Henry the
Sixth's time might be because there was a blank left for the
place—the plaintiff had begun to allege the certain place, for
the record is *in quodam loco vocat.* &c., without expressing the
place, which he could not affirm, and therefore it was adjudged
against the plaintiff. Godbolt does not give the final decision
of this case, but states that it was adjourned. It seems scarce-
ly credible, after the very positive opinions expressed in
this case by Coke, C. J., and Waburton, J., and the very
satisfactory reasons for those opinions given during the argu-
ment, that the judgment should have been for the defendant
and the declaration held to be insufficient. Hobart and Moor,
however, both so report the decision. We think the views
put forth by Coke and Waburton, which we have quoted, are
sensible and forcible, and we have seen no good answer to
them. The decision of this case, as reported, certainly goes
to sustain the claim of the defendant; but the argument at
the bar, and the reasoning of the court, so far as they have
come down to us, tend to an opposite conclusion.

*Ward* v. *Lavile*, or *Ward* v. *Lakin*, is too briefly reported
to be of great weight as an authority.

But however numerous the English precedents may be, and
however clearly it may be shown that the common law of
England requires the place of caption to be stated with cer-
tainty in a declaration in replevin, it is far from being a logi-
cal or legal result that such is the law of Connecticut. The
cases to which this form of action may be applied, differ very
widely in the two jurisdictions. In England replevin is re-
sorted to chiefly, if not solely, to recover possession of property
distrained, and in such cases it is manifest the place of caption
may become important. Distraining for rent is wholly un-
known to our law and our practice, and of course we have no
need to resort to an action of replevin on that account. Hence
we see at once that the reasons which may make it necessary

to allege the place of caption in replevying property distrained for rent, have no application to the action of replevin in Connecticut. Replevin, by our statute, could formerly be brought only for beasts impounded and personal property attached; but by recent changes it lies for any personal property unlawfully detained. It would be senseless to require a plaintiff in replevin, in all these cases, to allege the place of caption. To restrict its application to the case of a distress for rent is equivalent to a rejection of the rule, for, as we have before remarked, such a proceeding is unknown among us.

We believe there are but few American authorities directly on this question. In the case of *Gardner* v. *Humphrey*, 10 Johns. Rep., 53, the Supreme Court of New York say that the declaration in replevin must state a place certain, within the village or town, but the omission is cured by the defendant's pleading over. This suit was to replevy property distrained for rent.

By the New York Code of Procedure it is not necessary to allege the place of taking, or any taking, in replevin. Unlawful detention is all that need be alleged. Where property has been distrained, the taking and the place of taking must be alleged.

The learned editor of the American edition of Sir Henry Yelverton's Reports, Mr. Metcalf, in his note to *Trulock* v. *Rigsby*, Yelv., 185, says: "According to the form of the writ of replevin prescribed by statute in Massachusetts, the same particularity is requisite as at common law; but it is little regarded in practice." In Pennsylvania, in the case of *Muck* v. *Folkroad*, 1 P. A. Browne's Rep., 60, a replevin was brought for a variety of articles, particularly set forth in the declaration, which laid the goods to have been taken " at the county of Philadelphia." These articles had not been distrained for rent. The defendant demurred specially, setting out for cause that it is not alleged, nor does it appear from the said declaration, where or in what particular place or places, in said county &c. the said goods and chattels were taken. The court overruled the demurrer, and held the declaration sufficient.

In the case of *Loomis* v. *Tyler*, 4 Day, 141, the declaration charged the defendant with taking certain cattle in the town of Coventry, and impounding the same. The defendant made avowry, setting forth the taking of the cattle with no more particularity as to place than what appeared in the declaration. On writ of error, after judgment for the defendant, the court held the allegation in the avowry as to the place of taking sufficient. Judge Swift says, 1 Dig., 524, "As however it is not material for the plaintiff to describe precisely the place where the beasts were taken doing damage, the ground of his complaint being the unlawful impounding, I apprehend the defendant may consider the place stated in the writ to be immaterial, and in his answer may set forth and describe the place where they were actually taken so as to entitle himself to recover damages for the injury done."

The result of the investigations which we have been enabled to make is, that the prevailing course of the authorities require the pleader, in a declaration in replevin for property distrained for rent, to allege the place of caption, in addition to the town. We think the law goes no further than this, and we are not disposed to extend it, for we are not well satisfied with the reasoning with which this law must be vindicated, if indeed it be vindicated at all; certainly very weighty objections can be urged against it.

There is no error in the judgment complained of.

In this opinion the other judges concurred, except SEYMOUR, J., who having been counsel in the case when at the bar, did not sit.