FRANKLIN H. BROWN *vs.* ORRIN POLAND AND WIFE.

New London County, Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The statute with regard to replevin of goods unlawfully detained (Gen. Statutes, p. 484, sec. 2,) requires the filing of an affidavit by the plaintiff stating "the true value of the goods which it is desired to replevy." A later section gives a form of affidavit which requires a description of the property, but omits the words—"which it is desired to replevy." An affidavit, upon a writ of replevin of articles of furniture, described the articles in the same terms as the writ, but did not state that they were the goods which it was desired to replevy. Held— 1. That it was enough that the affidavit was in the precise form authorized by the statute. 2. That it would be presumed that they were the same goods desired to be replevied until the contrary was shown.

A married woman hired a quantity of household furniture, agreeing to return the goods if she changed her residence. She decided to change her residence, but her husband refused to allow the goods to be returned. She then, in the name of the lessor, made demand upon him for the goods to be delivered to the lessor, but he refused. Replevin was brought by the lessor without other demand. Held—1. That the husband's right to the possession of the goods was only through his wife, and no greater than hers, and that as she had no right he had none. 2. That a demand was not necessary to make his detention of the goods wrongful, but that the demand by the wife in the lessor's name and his refusal, were evidence of the wrongfulness of his possession.

[Argued October 19th—decided December 17th, 1886.]

REPLEVIN for sundry articles of household furniture; brought to the Court of Common Pleas in New London

County. A plea in abatement that there was not a proper affidavit attached to the writ was overruled by the court, and the case tried to the court upon a general denial before *Mather, J.* Facts found and judgment rendered in favor of the defendant Ellen E. Poland and against the defendant Orrin Poland. The latter appealed to this court. The case is fully stated in the opinion.

*C. F. Thayer* and *C. W. Comstock*, for the appellant.

*S. Lucas*, for the appellee.

CARPENTER, J. This is an action of replevin for articles of household furniture. The defendant pleaded in abatement that there was no affidavit as to the value of the goods and the right of the plaintiff to the immediate possession of them. The answer was a general denial. The court adjudged the plea insufficient.

There is an apparent irregularity in this, as the truth of the plea and not its sufficiency was put in issue. There was in fact an affidavit and that is a part of the record. The truth of the plea seems to depend upon the sufficiency of the affidavit. The second paragraph of the plea by reference to the affidavit makes it in effect a part of the plea; so that the court was justified in regarding the sufficiency of the affidavit as the same thing with the sufficiency of the plea. This is manifestly the view which the counsel for the defendant took of it, because they say the court erred in adjudging the plea insufficient, not because the sufficiency of the plea was not put in issue, but because, as they say, the affidavit was insufficient. That was the real question in the court below, and that is the real question here. The precise objection seems to be that, although the affidavit describes the goods, states their value, and the right of the plaintiff to the immediate possession thereof, yet it is defective because it does not in terms say that they are the goods " which it is desired to replevy."

The act of 1863, (Session Laws of 1863, p. 45,) requires

the oath of the plaintiff or his agent that he verily believes the plaintiff to be the true owner of the property sought to be replevied, or entitled to the immediate possession of the same. The act of 1864, (Session Laws of that year, p. 73,) prescribed the form of the affidavit, conforming strictly to the act of 1863.

In the revision of 1875, (Gen. Statutes, p. 484, sec. 2,) the statute was intentionally changed so as to require the affidavit to state the true and just value of the goods or chattels which it is desired to replevy, and that the affiant believes that the plaintiff is entitled to the immediate possession of the same. In the next section the form of the affidavit is given, which requires the property to be described, and omits the words "which it is desired to replevy." The legislature has said that an affidavit in that form shall be sufficient. The plaintiff followed that form and we cannot say that it is insufficient. The goods desired to be replevied are described in the complaint. The affidavit attached to the complaint describes the same goods. It will be presumed that they are the goods desired to be replevied until the contrary appears.

After the plea in abatement was overruled the defendant answered over and the case was tried on its merits. It appears that on the first day of January, 1885, the plaintiff was the owner of the goods, and that Ellen E. Poland, one of the defendants and the wife of the other, was in possession of the goods as lessee. The lease provided that if she changed her residence the lease should terminate ; and that if she contemplated a change of residence she should give notice to the plaintiff and return the goods to him. Some time after January first she decided to change her residence and in the name of the plaintiff made a demand upon her husband, Orrin Poland, for the delivery of the chattels, but he refused to deliver them to the plaintiff on her demand. No other demand was made.

The plaintiff claimed that " without other demand than that made by Ellen E. Poland, in the name of the plaintiff, there was no wrongful detention of the chattels by Orrin

Poland." The court ruled otherwise and the defendant excepted.

We think the ruling was correct. The record says:— " The plaintiff proved title to said chattels in said Ellen E. Poland, at the time of her marriage, and the execution by her of exhibit *A*, and no other testimony was offered to establish his title to said chattels." Exhibit *A* is a bill of sale of the chattels from Ellen E. Poland to the plaintiff made in 1885. The defendants were married in the state of New Hampshire in 1882. The defendant claimed and asked the court to rule as matter of law that " the plaintiff had proved no title to the goods and chattels sought to be re-plevied." The court did not so rule, but rendered judgment for the plaintiff. This question was not one of law but of fact. Finding the issue for the plaintiff was equivalent to finding title in the plaintiff. The record discloses no fact which shows such finding to be erroneous.

Assuming then, as we must, that the plaintiff owned the goods, did the defendant wrongfully detain them from him? Confessedly the only title or right which the defendant had was that which he held in right of his wife. He had no greater or other right than she had. Her right was that of lessee and was limited to one place. When she decided to change her residence her lease terminated, and it was her duty to return the property to the plaintiff. The husband, holding in right of his wife, was charged with the same duty. When he refused to return the property he stepped outside of his marital rights and held the property in his own right or without right. As he had in his own right no title his detention was of course wrongful. His refusal to return the property on demand of the wife was sufficient evidence of his wrongful detention. The plaintiff was under no obligation to give notice or make a demand. His right and the defendant's duty were absolute, not contingent. The office of a demand in this case was not to make the defendant's possession wrongful, but to furnish evidence that it was wrongful. Of course it was unnecessary if the wrongful possession could be otherwise shown,

and it was shown, under the circumstances, by the wife's demand and his refusal.

. There is no error.

In this opinion the other judges concurred.