THE BELKNAP SAVINGS BANK *vs.* CHARLES A. ROBINSON.

*Third Judicial District, New Haven, June Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In this State the action of replevin is given solely by statute, and its proceedings are governed by statute rather than by the rules applicable to the common law action.

Section 1333 of the General Statutes provides that if the plaintiff in replevin proves property in any of the goods described in the writ and not replevied, with a right to immediate possession thereof, and wrongful detainer by the defendant, claiming full damages therefor, the judgment may include the value of such goods with damages for that detention.

In an action under this statute the fact that the wrongful detention is based on an act of conversion which took place in another State, is immaterial, and the plaintiff is not bound to prove that the portion of the goods so described and not replevied, were in this State while so wrongfully detained.

[Argued June 7th—decided July 19th, 1895.]

ACTION of replevin brought to the Superior Court in Middlesex County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The writ was dated April 25th, 1893; the main portion of the goods named in the schedule annexed to the writ, was replevied in Middlesex County, April 27th, 28th and 29th, and personal service of the writ made on the defendant, who was a resident of New York. The defendant's answer was a general denial, with notice of disclaimer. The case was tried to the court and the following facts appear in the finding:—

The plaintiff, a resident of New Hampshire, was, on and before April 22d, 1893, the general owner of all the property described in the writ, and had a right to its immediate pos-

* Transferred from the first judicial district by agreement of the parties with the consent of the court.

session on that day. The property consisted of special tools and fixtures, included and specified in a mortgage to the plaintiff, which mortgage had been foreclosed, and an absolute title to the property vested in the plaintiff prior to said April 22d. From said April 22d to the 27th day of the same month, the property described in the writ was wrongfully detained from the plaintiff by the defendant. The property was in the State of Massachusetts at the time the wrongful detainer commenced, and the testimony in proof of the wrongful detainer mainly related to acts done in that State.

A portion of the property described in the writ was not replevied to the plaintiff, and on the trial the plaintiff claimed full damages for such portion. Such claim was made under § 1333 of the General Statutes, which provides: " If any of the property described in the writ is not replevied, but the plaintiff proves a general or special property therein with a right to its immediate possession, and that it is wrongfully detained by the defendant, and claims full damages therefor, the value of such property with damages for its detention may be included in any judgment which the plaintiff may recover; and it shall be so stated upon the record." The plaintiff proved a general property in the property not replevied, with a right to its immediate possession, and that it was wrongfully detained by the defendant. The value of the property not replevied was $1,500. The evidence did not show whether the property not replevied, and which was at the time of bringing the suit wrongfully detained, was then detained in Connecticut or elsewhere.

Judgment was rendered for the plaintiff to recover of the defendant $1,609.15 damages; the value of the property not replevied was included in the judgment, and was so stated, as required by the statute. From this judgment the defendant appealed.

*Levi Warner*, and *B. E. Valentine* of New York, for the appellant (defendant).

I. When a court upon a trial without a jury, makes a finding without any evidence to sustain it, or in disregard of all

the evidence, it is an error of law, *i. e.*, a conclusion made without the requisite premises; and an exception to such a finding raises a question of law, not a mere question of fact to be determined upon weight of evidence. *Halpin* v. *Phœ-nix Ins. Co.*, 118 N. Y., 165.

The undisputed facts fail to show any " wrongful deten-tion " of the plaintiff's goods before the writ was issued; but, on the contrary, show that defendant was lawfully in posses-sion, and that no demand had been made by plaintiff for any of the chattels before the issue of the writ. The defendant disclaimed any right to the chattels, and, therefore, while there could be no order for *return* of goods to the defendant, there could on the other hand be no award of damages or costs against the defendant.

There is no proof that any of the goods mentioned in the writ, but which plaintiff claims were " not replevied " by the sheriff, were ever in the possession of defendant; nor that they were ever in the State of Connecticut, so as to give the court jurisdiction to award their value in a replevin suit.

There is absolutely no proof of the value of the articles which the plaintiff claims were " not found," to sustain the finding that their value was $1,500.

Under the law of Massachusetts (the *locus* where the acts complained of took place) there must be a *demand* and *refusal* to deliver, before a lawful possession can be converted into a " wrongful detention." *Page* v. *Crosby*, 24 Pick., 213; *Simp-son* v. *McFarland*, 18 id., 427.

II. Judgment in a replevin suit cannot be rendered for property never within the jurisdiction of the court. Re-plevin is, at common law, a *local* action. In Connecticut it is also a local action which can be brought only in the town where the goods, the subject of the suit, are at the time of the issue of the writ, or *were* at the time of the " wrongful detention." *Strong* v. *Lawler*, 37 Conn., 177. In a replevin suit the court must have jurisdiction not only over the *par-ties* and the *process*, but over the " subject-matter." *Rood* v. *Hurd*, 41 Conn., 321. The primary object of replevin is to recover *possession* of a *specific thing*. *Spencer* v. *Roberts*, 42

Conn., 76.   The specific thing must have been within the jurisdiction of the court at the time of its wrongful detention, to make it the subject of an action of replevin in that court.

Replevin is a local action under the laws of New Hampshire, Massachusetts and New York.   *Sleeper* v. *Osgood*, 50 N. H., 381 ; *Robinson* v. *Mead*, 7 Mass., 353 ; *Atkinson* v. *Holcomb*, 4 Cowen, 45 ; *Williams* v. *Welch*, 5 Wendell, 290. In either of those three States replevin would lie only in the county where the *subject-matter* was.

The judgment is unauthorized by the limitations of the writ.   The property which the sheriff is directed to replevy, and for which alone damages could be awarded in case he could not replevy it, was " certain goods and chattels, to wit a schedule whereof is annexed hereto, * * * now in the possession of Otis A. Smith, * * * Charles A. Robinson, etc., * * * *at said Middlefield.*"   If the writ had not specified the *place* where the property was wrongfully detained, it would have been demurrable.   The court could give judgment only in respect to property in the possession of the defendant "at said Middlefield."   If the property had been detained, even in this State, but in another county, the court could not have awarded its delivery *in this action.*

*Daniel J. Donahoe* and *Wesley U. Pearne*, for the appellee (plaintiff).

This court will not determine questions of fact, upon evidence spread upon the record.   *Styles* v. *Tyler*, 64 Conn., 432.

No demand was necessary.   The general rule is that proof of a demand is only necessary for the purpose of showing detention.   *Gilmore* v. *Newton*, 91 Mass., 171.   When wrongful detention can be shown without showing a demand, such demand is unnecessary.   5 Amer. & Eng. Ency. of Law, 528*j.*

The action of replevin is a statutory action to recover property in specie.   But the legislature of this State has enlarged the action by providing a remedy in damages for the loss of articles which could not be recovered in specie against the person wrongfully detaining them.   The only require-

ments of the Act are: *a.* That the property shall be described in the writ. *b.* That the plaintiff prove a general or special property therein with a right to its immediate possession. *c.* That it is wrongfully detained by the defendant. *d.* That the plaintiff claims full damages therefor.

Suitors coming to this State are entitled to our modes of redress, and are therefore entitled to enforce their rights by any mode of redress applicable to their case. *Peters* v. *Stewart*, 45 Conn., 109.

It is not claimed that there was not some evidence tending to support the conclusions embodied in the finding, nor that the court refused to find any fact established by undisputed evidence. There are no exceptions, therefore, before the court, which can be considered as grounds of appeal. *Meriden Savings Bank* v. *Wellington, Admr., et al.*, 64 Conn., 555.

HAMERSLEY, J. The sixth reason of appeal assigns error, " in holding that the action of replevin could be maintained in this State against the defendant, for goods which were not proved to have been detained by him in this State."

The claim seems to be that replevin is a local action, which can only be brought to the court within whose territorial jurisdiction the property described in the writ is situate at the commencement of the action; that the allegation of the particular place where the property is wrongfully detained is a jurisdictional fact which must be alleged and proved, and therefore that no judgment can be given for full damages under § 1333 of the General Statutes, except in respect to property proved to have been wrongfully detained at the place alleged at the commencement of the action; and that § 1333 applies only to such property which has been destroyed or concealed before the service of the writ. As under our law the date of the commencement of the action is the date of service, such a construction would go far towards nullifying the statute.

In making his claim the defendant has apparently been misled by a name. The statute which authorizes this action

provides an entirely new remedy for complete redress in a single action, when one wrongful act has invaded the right to more than one article of property. In this State, "action of replevin" is the name given to a purely statutory remedy for the enforcement of rights specified by statute in the manner prescribed. As was said by CHIEF JUSTICE STORRS in *Fleet* v. *Lockwood*, 17 Conn., 233, 239, "Replevin is not, in this State, a common law action, but is given solely by statute." The proceedings of our courts must be governed by the statute, rather than by the rules which apply to common law actions of replevin. *Watson* v. *Watson*, 9 Conn., 141, 10 id., 76; *Brown* v. *The Chicopee Falls Co.*, 16 id., 87, 89; *Howard* v. *Crandall*, 39 id., 213, 214; *Bowen* v. *Hutchins*, 18 id., 550.

In Ludlow's Code of 1650, the article on "Attachments" enacts that goods of the defendant may in certain cases be attached on mesne process, upon the plaintiff giving sufficient security; and further enacts that every man may have liberty to replevy his cattle or goods impounded or seized, (except upon execution after judgment) by giving like security to satisfy such damages as his adversary shall recover. 1 Colonial Records, 511. In the Revision of 1672, (the first book of laws printed) replevin in such cases is authorized in a separate statute; and at the end of the statutes the special form prescribed for replevin is given. This form is included in "An Act prescribing Forms," etc., which first appears in the Edition of 1702. In the Revision of 1821, replevin in cases of cattle impounded and goods attached, was authorized; and the proceedings regulated with more particularity. In 1863, a writ of replevin was authorized in case of any property in any manner taken from the owner and unlawfully detained. The statutory actions of replevin, until 1863, were confined to property taken under the forms of law, that is, to cattle impounded and property attached, and were in the nature of an action of trespass. The Act of 1863 provided that the writ of replevin might be used to enforce rights of action which related to any property in any manner unlawfully detained, and the action thus authorized was in the

nature of an action of trover. It was decided under this Act that property held on execution was not "unlawfully" detained, and afterwards the word "wrongfully" was substituted for the word "unlawfully," so as to give the statute a more extensive meaning and comprise "any detention which does wrong to another," including property held on execution. *Hilton* v. *Osgood*, 49 Conn., 110, 113.

In the Revision of 1866, the law regulating replevin was stated with the greatest particularity; each ground for the writ, viz: cattle impounded, property attached, goods otherwise unlawfully detained, — was separately treated, and a distinct form of proceeding established for each. In the Revision of 1875, the special provisions relating to the form of proceeding were consolidated, and one form prescribed which might be used for either of the different grounds of action; but the law defining the nature of replevin in the three classes of cases so included under one form of proceeding, was not changed by such consolidation. *McDonald* v. *Holmes*, 45 Conn., 158.

By the common law of this State, an action of trover was a proper action for trying the question of right between one person claiming lawful possession of goods, and another person claiming to be their owner and entitled to immediate possession, and a wrongful exercise of dominion by the first; in such action the question of right was the material thing, and actual possession of the goods by the defendant at the commencement of the action, wholly immaterial. This remedy was defective in all cases where legal damages were not adequate compensation for the loss of specific goods, or the defendant was irresponsible. One operation of the law of 1863 was to supply such defect, by establishing an alternative statutory remedy, whereby the question of right could be tried and the plaintiff, upon proving his claim, secure possession of his goods with damages for their wrongful detention. But the Act did not provide for the case where, by a single conversion, divisible property was acquired, and portions of it could not be found at the service of the writ. In such case the wrong which gave rise to a single ground of action would.

still require for its redress two remedies instead of one. And so the following year an Act was passed providing that both these remedies might be included in one proceeding (Public Acts of 1864, p. 28), so that the plaintiff by means of one trial might obtain complete redress for one wrong. The name given to this proceeding does not alter its nature and effect as determined by the statute, and the rules peculiar to the ancient action of replevin under the English common law do not apply to this statutory action, unless by way of analogy when based on principles recognized by our own common law as applicable to such action. It is evident that in such a proceeding the essential cause of action is a wrongful exercise of dominion over the personal property of another, and is in the nature of a transitory action ; indeed, the form prescribed for the declaration implies this, and by express provisions of statute (§ 964) the action may be commenced in any county where either plaintiff or defendant resides, and the writ may run into any county (§ 1324).

If all the property which a plaintiff may be entitled to recover is without the State, or its situation unknown, of course the statutory action of replevin is inappropriate : in such case the complete redress contemplated by the statute is impossible, and redress in damages only, should be had through the action of trover; but if any portion of the property acquired by the same wrongful acts is within the State, and its situation known, then trover may be inadequate, and resort for complete redress may be had to the alternative statutory remedy.

In replevin for cattle impounded, an allegation of the town where they are taken may be required, but the particular place of caption is immaterial. *Strong* v. *Lawler*, 37 Conn., 177. But in replevin for goods detained, under the Acts of 1863 and 1864, it is difficult to see how an allegation of the place at which they were detained is material, unless to define the authority of the officer in replevying the goods, or to give jurisdiction where the defendant is a non-resident and no personal service is made. *Bowen* v. *Hutchins, supra.*

There is little, if any, analogy between such a statutory

proceeding, and the common law action of replevin. The nature of the proceeding must be sought in the language of the statute. We think the language of § 1333 of the General Statutes, which contains the Act of 1864, applies to the facts as found by the court in this case; that the fact that the wrongful detention of the goods described in the writ is based on an act of conversion which took place in another State, is immaterial, *Peters* v. *Stewart*, 45 Conn., 103, 109; and that proof of the wrongful detainer of all the goods described in the writ, including that portion of the goods not replevied, is sufficient to support a judgment, without showing that such goods not replevied were in this State while so wrongfully detained. This is the first time we have been asked to consider the effect of the Act of 1864; but judgments under it have been rendered at *nisi prius*, and have been unquestioned. We cannot doubt that the present judgment is justified by the statute.

The other reasons of appeal present no question of law which calls for discussion. If the first, second and third reasons mean that the facts found proven by the court are legally insufficient to support the judgment, the claim cannot be sustained; and moreover no question of law is presented with sufficient distinctness to demand consideration. *Watson* v. *Watson*, 10 Conn., 76; General Statutes, § 1135. The fourth reason assumes a fact not shown by the record. The fifth reason, so far as it raises a question of law, is insufficient; proof of demand is evidence, but not the only evidence, of wrongful detention. *Brown* v. *Poland*, 54 Conn., 313, 316. The seventh reason has no substance and was not pressed in argument.

The defendant took his appeal before the decision of this court on the Act of 1893, chapter 174, was announced; and evidently the reasons of appeal were drawn, and the record made up, under an entire misapprehension of the real nature of an appeal. *Styles* v. *Tyler*, 64 Conn., 432; *Meriden Savings Bank* v. *Wellington*, 64 id., 553; *White & Co.* v. *Howd* 66 id., 264. The finding of the trial court appears to contain all such facts as the record shows to have been found by the

court, and to be necessary for the proper presentation of questions of law arising in the case. The defendant suggests no reason for asking a correction of the finding in this respect, nor do we understand such request to have been made on argument.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.