## LEWIS *against* MORSE.

*Hartford,*
August, 1850.

Lewis
*v.*
Morse.

Where a deposition appears from inspection to have been signed by the deponent, it is not necessary that the magistrate taking it, should state such fact in his certificate; the statute requisites being otherwise complied with.

Where *A*, claiming a certain wagon as his own, took it out of the possession of *B*, and held it about ten days; when *B* attached it, as the property of *A*, and the officer delivered it, for safe keeping, to *B's* hired man, who placed it under *B's* shed; *B* thereupon brought trespass against *A*, for the original taking of the wagon; and it was held, 1. that the wagon was not to be deemed, as matter of law, to have been returned to *B*, by virtue of its having been so attached by him, and placed under his shed; 2. that *B* was not thereby estopped from claiming that he had title to the wagon, when it was taken by *A*; 3. that the rule of damages, in such case, was the value of the property, with interest, from the time of conversion, but as this did not appear, interest was not included; 4. that further damages for detention of the property, were not allowable.

The party against whom an interested witness is called to testify, must make his objection as soon as the interest is discovered, and he has an opportunity of doing it; otherwise, he will be considered as having waived the objection.

Therefore, where a witness, called by the plaintiff, was examined, cross-examined and dismissed from the stand; and the next day, the defendant objected to his competency, on the ground of his interest, which was disclosed at the commencement of his examination; it was held, that the objection came too late.

THIS was an action of trespass for taking and carrying away a certain ox-wagon.

The cause was tried before the superior court for the county of *Hartford*, at the *January* term, 1850.

Upon the trial to the jury, the plaintiff offered in evidence the deposition of one *Hart*. The certificate of the magistrate annexed to the deposition, stated, that *Hart* personally appeared, was examined, cautioned, and sworn agreeable to law, to the foregoing deposition, taken, &c., but did not state, that the deponent signed the deposition. The deposition, however, upon its face, purported to have been signed by the deponent.

The defendant objected to its admission, because the magistrate had not certified, that the deponent had signed it. The plaintiff contended, that there was nothing in the objection, but offered a witness, who testified, that he was present when the deposition was taken, and saw the deponent sign the same. To this testimony the defendant also objected; but the court received the testimony and admitted the deposition.

*Hartford,*
August, 1850.

Lewis
*v.*
Morse.

It was proved, that the defendant took the wagon out of the plaintiff's possession, claiming it as his own, and continued to hold it, in his possession, for the space of about ten days, when, by direction of the plaintiff, it was attached, with other property of the defendant, in the present suit. The officer, having so attached the wagon, delivered it to one *Root,* a hired man of the plaintiff, who placed it under a shed upon the plaintiff's premises, where it has ever since remained, the plaintiff not claiming it any longer as his own; the defendant in no way relinquishing his title, or the officer his attachment.

The defendant thereupon claimed, that upon these facts, the wagon should be held, as matter of law, to have been returned to the plaintiff, at the time it was attached and placed under his shed; and as he had caused the wagon to be attached as the property of the defendant, he was estopped from claiming that he had title to it, when it was taken from his possession, by the defendant; and that the title of the defendant, at that time, was conclusively admitted.

But the court did not so instruct the jury, but informed them, that they might allow damages in the same manner as if the wagon had never been attached and removed from the defendant's possession.

The plaintiff, for the purpose of proving his title to the wagon, called, as a witness, one *Atwood,* who testified, that the defendant had sold the wagon to him upon a credit, and that he afterwards, and before it was taken from the plaintiff, by the defendant, had sold it to the plaintiff, for a full consideration. The defendant denied that there had been any absolute sale of the wagon to the witness; and upon this subject the witness was extensively cross-examined, by the defendant's counsel, and dismissed from the stand. The next morning, and before any other witness was called, *Atwood* was recalled, and enquired of, by the defendant, whether he had ever received any release from his liability, respecting his title to the wagon. To which he replied that he had not. The defendant thereupon contended, that the witness was interested in the event of the suit, as warrantor of the title; and that his testimony, given on the previous day, should be entirely rejected.

But the court held, that the objection came too late, inas-

much as the situation of the witness was known to the defendant from the commencement of his examination.

The jury returned their verdict in favour of the plaintiff, finding for him to recover the sum of 60 dollars, 99 cents, damages, and his costs ; and stating in their verdict, that 50 dollars, 83 cents, was for the value of the wagon, 8 dollars, 16 cents, for the detention thereof after the attachment, and 2 dollars, for the detention previous to that time.

The defendant thereupon filed his motion for a new trial ; and the questions of law were reserved for the advice of this court.

*Chapman* and *Hooker*, in support of the motion, contended, 1. That the deposition of *Thomas F. Hart*, and the parol evidence to sustain it, were improperly admitted. In the first place, the certificate of the magistrate does not state that the deponent *signed* the deposition. The statute (*p. 81. sec.* 115.) says, "the witness shall subscribe his deposition, and make oath to it, before such authority, who shall attest the same." This evidently means, that the magistrate shall attest *that the deponent signed the deposition and made oath to it.*

Secondly, the magistrate not having certified this fact, the defect cannot be remedied, by parol evidence. The statute expressly requires, that the *magistrate* attest, &c. If this fact may be proved *aliunde*, then may the fact of the oath being administered, and also all the facts to which the magistrate is required by the statute to certify ; and thus the attestation of the magistrate be dispensed with. *Reading* v. *Weston*, 7 *Conn. R.* 143. *Amory* v. *Fellowes*, 5 *Mass. R.* 219. 2 *U. S. Dig.* 208. *pl.* 7. 8. 13. 15. 85. 86. 87. 91.

2. That the jury should have rendered a verdict only for the detention of the wagon, from the taking to the attachment, and no longer ; and should not have included the value of the wagon in their verdict. The wagon was the property of the plaintiff. This the plaintiff claims, and the verdict establishes.

The defendant claims, that the property was returned to the plaintiff, and that he has had it in his possession ever since. He has regained his own property ; and all detention since the attachment, has been his own.

It makes no difference that the plaintiff chose not to use

the wagon, or chose to treat it as attached property. It was his. It had got peaceably into his possession. He had full legal right to use it as he pleased.

The wagon being the plaintiff's, it would not become the defendant's, until judgment against him for its value. 2 *Kent's Com.* 387, 8.

3. That *Atwood* was interested; and the objection to his testimony, on this ground, should have been received and sustained. In the first place, he was clearly interested. He was the vendor of the wagon to the plaintiff; and the sale carried an implied warranty of the title, which was the entire matter in dispute between the parties. *Atwood* was swearing to his own title, and protecting himself against a liability to the plaintiff. 1 *Swift's Dig.* (rev. ed.) 384.

Secondly, the objection did not come too late, and should have been received.

The court adjourned very soon after his testimony was closed, and the objection did not occur to the defendant's counsel till a few minutes after the adjournment. It was then too late to make the objection before morning; which they did, as soon as the court opened.

It was specially important, in this case, that *Atwood*, as an interested witness, should not be allowed to testify. The real parties in the case were, this same *Atwood* and the defendant.

*Hungerford* and *R. D. Hubbard*, contra, contended, 1. That the deposition of *Hart* was admissible.

In the first place, the statute only requires, that the administration of the oath should be attested. The signing appears on the record, and needs no attestation.

But, secondly, if otherwise, the signing is sufficiently attested. The official signature of the justice was a sufficient attestation to a matter appearing on the face of the record. A witness, by signing a deed merely, attests the execution of the deed. See the language of the act. *Stat. p.* 455. § 8. 1 *Greenl. Ev.* 421. 1 *Stark. Ev.* 92, 3. *Beeching* v. *Gower*, 1 *Holt's Ca.* 313. (3 *E. C. L.* 117.)

Thirdly, if there is a clerical omission in the certificate, it is the mere formal omission of a fact which appears on the face of the deposition; and the court will not favour a technical

objection of this kind. *Stocking* v. *Sage*, 1 *Conn. R.* 524.
*Thompson* v. *Stewart*, 3 *Conn. R.* 180. *Scripture* v. *New-*

*comb*, 16 *Conn. R.* 588.

Fourthly, if the justice did not attest the signing, the defect might be aided by parol proof. *Lawrence* v. *Phelps*, 2 *Root*, 334.

2. That the value of the wagon, and proper compensation for its detention up to the time of the rendition of judgment, constituted the true rule of damages. This is the general rule in trespass *de bonis*. The wrongful taking, *ipso facto*, (*Clark* v. *Whitaker*, 19 *Conn. R.* 319.) vests in the owner a right of action, to recover, not the specific thing, but the value of the thing, with consequential damages; and he cannot be divested of this right, by a tender of the property back, unless such tender is accepted. *Gibbs* v. *Chase*, 10 *Mass. R.* 128. *Hanmer* v. *Wilsey*, 17 *Wend.* 91. In this case, the property has not been returned, accepted or re-taken.

3. That the defendant was not estopped from showing title to the wagon, by reason of the attachment.

In the first place, the acts set up do not, legally or morally, constitute an estoppel.

Secondly, the estoppel would only preclude him from showing title, at the time of the *attachment*, not at the time of the trespass.

Thirdly, this question is settled in *Loomis* v. *Green*, 7 *Greenl. R.* 386.

4. That the objection to *Atwood's* testimony came too late. 1 *Greenl. Ev.* 421. 1 *Stark. Ev.* 92, 3. *Donelson* v. *Taylor*, 8 *Pick.* 390. *Beeching* v. *Gower*, 1 *Holt's Ca.* 319. (3 *E. C. L.* 117.) *Nichols* v. *Hayes*, 13 *Conn. R.* 156.

WAITE, J. The objection to the admission of the deposition, is, that the certificate of the magistrate, does not state, that the deponent signed the deposition. That, in our opinion, is not required by the statute. Certain matters, however, must be embraced in the certificate. It must state, that the deponent was sworn, the reason for taking the deposition, and whether the adverse party, or his agent, was present. These facts would not otherwise appear.

But the signature of the deponent is a fact apparent from inspection; and it can hardly be supposed, in the absence of

express words to that effect, that the legislature intended to require the certificate of a fact, from a magistrate, when that fact must necessarily appear from the instrument itself.

The deposition, in the present case, purports to have been given by *Hart,* and to have been signed by him ; and the magistrate has certified, that *Hart* was examined, cautioned, and sworn, agreeable to law. This, we think, is sufficient, without the aid of any parol testimony.

2. The defendant, by taking the wagon out of the plaintiff's possession, and converting it to his own use, rendered himself liable, in an action of trover, provided he was not the owner of the property. After that conversion, the plaintiff had a right to treat the wagon as the property of the defendant, and attach it as such.

The effect of the attachment, was not to restore the property to the plaintiff, or estop him from asserting his previous ownership. By the attachment, the wagon was taken into the custody of the law, and upon the termination of the suit, it would be the duty of the officer to treat it as any other property of the defendant, seized under the same process. The defendant, at any time, might regain possession of the wagon, by a writ of replevin. And so long as it was holden under the attachment, it is immaterial in what place it is kept by the officer.

The mere circumstance that it was placed for safe keeping upon the plaintiff's premises, makes no difference, as it was still in the custody of the law. Had it appeared, that the plaintiff, availing himself of the situation of the property, had resumed his possession, the defendant might have waived his title under the conversion, and shown, in mitigation of damages, that the property had gone back into the plaintiff's possession. But that does not appear to have been done.

3. The objection to the testimony of *Atwood* came entirely too late. The true rule upon this subject is, that a party against whom an interested witness is called, must make his objection as soon as the interest is discovered and he has an opportunity of doing it. Failing to do this, he will be considered as having waived the objection.

He has his election, either to admit the testimony of an interested witness, or have it excluded. But he has no right to speculate upon the result—let it be received, and if he finds

it to operate in his favour, waive his objection—if against <span style="float:right">*Hartford.*<br>August, 1850.</span> him, then call upon the court to exclude it. The election must be made as soon as he is apprised of the interest, and can make the objection. See 1 *Greenl. Ev.* § 421. and the cases there cited.

<span style="float:right">Lewis<br>*v.*<br>Morse.</span>

In the present case, the interest of the witness was disclosed at the commencement of his examination ; and there is no claim that the defendant, at the time, laboured under any mistake in relation to the interest of the witness, which might have authorised the court, in the exercise of its discretion, to relax the operation of the rule to prevent injustice.

4. The *general rule in relation to damages in an action* of trover, is the value of the property, at the time of the conversion, with interest from that time. In this case, it appears, that the jury have included, in their verdict, not only the value of the property, but damages for detaining it, both before and subsequent to the attachment. Both, clearly, cannot be allowed.

Had the property been in fact restored to the plaintiff, the proper damages would have been those occasioned by the taking and detention merely. But as there was no evidence of any such restoration of the property, we see not why the plaintiff is not entitled to a verdict for its value. To this might be added the interest from the time of the conversion, had the jury found when that was. But as that does not sufficiently appear, we think the plaintiff must be content to have judgment entered for the value of the property, or a new trial must be granted. And we do so advise the superior court.

In this opinion the other Judges concurred.

New trial to be granted <i>nisi</i>.