## HANNAH B. CLARK *vs.* WILLIAM D. MARTIN.

Suffolk. March 8. — Sept. 9, 1876. AMES & MORTON, JJ., absent.

In replevin the plaintiff may, without alleging special damages, recover such damages for the detention of the property as the jury, upon all the evidence, may be satisfied that the use of the property, considering its nature and character, was worth to him during the time of detention.

In replevin against an officer, who justified under an attachment on mesne process against the plaintiff's vendor, the issue was whether the sale was in fraud of creditors, and the jury were instructed that the defendant must reasonably satisfy them that the attaching party had at least a probable cause of action. *Held*, that the defendant had no ground of exception.

REPLEVIN of a horse, buggy and harness attached by the defendant, as a deputy of the sheriff of Suffolk, on a writ against J. E. Goodwin, in favor of S. J. Elder.

At the trial in the Superior Court, before *Bacon*, J., it appeared by the return of the officer in the last named suit that the attachment was made on June 13, 1874, and that the property was replevied from him on the same day; and it further appeared, from the return indorsed on the replevin writ, that the property was delivered to the plaintiff on June 16, 1874.

It was in evidence that the property was purchased by the plaintiff a few days before the attachment for the sum of $425, and that before the attachment she was in the habit of using the horse, carriage and harness nearly every day. There was no other evidence of their value, or of what the daily use of them was worth.

The defendant asked the judge to instruct the jury that if the plaintiff claimed special damages for the detention of the property, she must allege and prove them as fully as if such damages were the subject of a special action.

But the judge declined to give this instruction, and instructed the jury that if they found for the plaintiff, they might, upon the declaration, award her such damages for the detention as, upon all the evidence, they should be satisfied the use of the property was worth to her during the time of detention, considering the nature and character of the property.

It appeared from the testimony of both the plaintiff and defendant, that the plaintiff had purchased the property of Goodwin a short time before by a sale which was valid as between the parties, and the principal question for the jury was, whether or not this sale was fraudulent as regarded the creditors of Goodwin, and whether the creditors could impeach the sale on that ground.

Upon this point the judge instructed the jury that, to enable the defendant to impeach that sale upon the ground of its being fraudulent as against creditors, he must reasonably satisfy the jury that the plaintiff in the suit in which the property was attached had at least a probable cause of action.

The jury found for the plaintiff, and assessed damages in the sum of twelve dollars; and the defendant alleged exceptions.

*G. W. Morse*, for the defendant.

*T. S. Harlow*, for the plaintiff.

LORD, J. Two exceptions were taken in this case, neither of which can be sustained. The ruling of the presiding judge was correct upon the question of damages. The evidence is not reported for the purpose of showing whether the plaintiff was entitled to other than nominal damages for the detention of the property, and the rule laid down by the court was the correct one.

The property replevied had been conveyed to the plaintiff. Her title to it was good as against every person except a creditor of Goodwin. It was only as a creditor of Goodwin that Elder could direct the officer to attach it, and the ruling that the defendant must show that Elder had a probable cause of action against Goodwin was as favorable to the defendant as he had a right to ask. If Elder was not a creditor of Goodwin, he had no right to question the validity of the conveyance by Goodwin to Clark. It is not the case of an officer attaching the property of the person named in his precept. Had this property been Goodwin's, the officer would have been justified in obeying his precept and attaching it, though the event might show that Elder had no cause of action ; but as he took property which Goodwin had conveyed, he must justify the taking by at least as much evidence as was required of him.

*Exceptions overruled.*