## BOSTON LOAN COMPANY *vs.* HENRY MYERS.

Suffolk. January 13. — 17, 1887. HOLMES & GARDNER, JJ., absent.

In an action of replevin of household furniture and a piano, the plaintiff became nonsuit, and returned the property. It appeared that, during the time of the detention, the defendant did not purchase nor have the use of other similar property. The plaintiff asked the judge to instruct the jury, that the defendant's damages should be fixed at the interest of the money value of the property during the time it was detained. *Held*, that this request was rightly refused.

If a bill of exceptions sets forth a request for a ruling which was refused, and does not state the ruling given, and the request for a ruling was rightly refused, it will be presumed that proper instructions were given.

REPLEVIN of a piano and set of parlor furniture. Writ dated November 29, 1884. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff became nonsuit, and the question of damages to the defendant for the detention of said goods was submitted to the jury. There was evidence tending to show that the plaintiff took the property on November 29, 1884, and held possession of the parlor set about two months, when it was returned; and that it kept possession of the piano until the day of trial; that the defendant had a daughter who had used the piano for several years to practise upon while taking lessons; that the parlor set was in use by the family and persons visiting them. The evidence was conflicting as to the value of the property at the time of taking it. Evidence was offered and admitted that the rental value of pianos, to men engaged in the business of rental of pianos, was from six to thirty dollars a quarter, according to the condition of the piano and the demand for the same; that this piano was manufactured about ten years ago, and had been in use during that period. It appeared that during the time of said detention the defendant did not purchase nor have the use of other similar property.

The plaintiff asked the judge to rule as follows: " The damages in this case for the detention should be fixed at the interest of the money value of the property during the time it was detained, and whatever loss or inconvenience was sustained in purchasing property of equal value for use during the time of detention." The judge refused so to rule. The jury, on June 24, 1886, returned a verdict for the defendant in the sum of $109.59; and the plaintiff alleged exceptions.

*C. W. Bartlett*, for the plaintiff.

*J. B. Richardson*, for the defendant.

MORTON, C. J. The defendant is entitled to recover as damages such sum as will be a fair indemnity to him for the injury he has sustained by reason of the unlawful taking and detention of his property by the plaintiff. *Stevens* v. *Tuite*, 104 Mass. 328. In this case, the property replevied was household furniture, including a piano; and it appeared that, during the time of the detention, the defendant did not purchase or hire other similar property. As the defendant did not purchase other property,

the ruling requested by the plaintiff was equivalent to asking the court to rule that the defendant could only recover as damages the interest on the value of the property. The court rightly refused this ruling, for it is clear that interest on the value of the property is no criterion of the damage sustained by the defendant by reason of being deprived of the use of it. The property was household furniture, in daily use and necessary to his comfort. It is evident that the restoration of the property, with interest on its value, would not furnish an adequate indemnity to the defendant for the wrong done in taking it out of his possession.

In *Clark* v. *Martin*, 120 Mass. 543, where a plaintiff in replevin recovered damages for the detention of a horse and buggy attached by the defendant on a writ against a third person, it was held that the jury might award such damages for the detention as they should be satisfied the use of the property was worth to the plaintiff during the time of the detention, considering the nature and character of the property. A similar rule of damages would apply in the case before us, and it is to be presumed that such rule was adopted by the court, as nothing appears to the contrary.　　　　　　　　　　*Exceptions overruled.*