<hr />

GARDNER F. GOULD *vs.* THOMAS H. HAYES.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In order to recover damages, the defendant in replevin is not obliged to demand and prove them in that action, but may, if he elects, recover them in a subsequent suit upon the replevin bond.

If the defendant in an action of replevin pleads the general issue only, and makes no claim, oral or written, for damages sustained by him, a verdict in his favor for a return of the property "and one dollar damages," will not preclude him from thereafter recovering just damages in an action upon the replevin bond.

In a suit on the replevin bond the plaintiff is entitled to recover the value of his interest in the property replevied and not returned to him, together with interest thereon from the time of its seizure to the date of judgment.

Argued June 15th—decided July 26th, 1898.

ACTION against a surety upon a replevin bond, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.;* facts found and judgment rendered for the plaintiff, and appeal by him for alleged errors of the court in assessing damage. *Error and cause remanded.*

The finding of facts is as follows : "1. On May 11th, 1894, Miles Connolly kept a saloon at the corner of Exchange place and West Main street, in Waterbury. 2. On said day the R. Rothschilds Sons Company delivered to said Connolly one counter, one arm rail, one foot rail, one tank, one back bar, one mirror frame and mirrors, one cigar counter, one show case, one rear wall partition, one lunch cabinet, two pairs summer doors, one door entrance, and two window screens, all of which said company had manufactured for the said Connolly, and set the same up and fitted them in the said Connolly's saloon. 3. Connolly agreed to pay the Rothschilds for said fixtures $1,800 in instalments. By the terms of the agreement the fixtures were to remain the property of the Rothschilds Company until they were paid for. 4. Connolly paid to the Rothschilds $1,000 of the instalments for said fixtures. 5. About March 20th, 1895, Connolly sold out his interest in said saloon and fixtures to the plaintiff, Gardner F. Gould, who took immediate possession thereof. 6. The plaintiff purchased said goods of the said Connolly, paying the said Connolly $1,000, and assumed and agreed to pay the balance due from Connolly to said Rothschilds Company as part of the consideration of said purchase. The value of the interest of the plaintiff to said goods which he had paid for, as it appeared from the evidence, was $1,000, as alleged in paragraphs 19 and 20 of the complaint. 7. On the 17th of June, 1895, the Rothschilds Company caused a writ of replevin to be issued, to replevy the bar fixtures they sold to Connolly. 8. In said writ of replevin the plaintiff was named as the defendant in said action of replevin. 9. In said writ of replevin the said saloon fixtures were stated to be of the value of $2,000. 10. Nathaniel R. Bronson, Esq., as attorney for the R. Rothschilds Company made an affidavit, which was annexed to said writ, stating that the true and just value of

said fixtures as nearly as he could estimate it was $2,000.
11. At the time said writ of replevin was issued the said Na-
thaniel R. Bronson, Esq., attorney for the R. Rothschilds Sons
Company, as principal, and the defendant, Thomas H. Hayes,
as surety, personally appeared before George E. Terry, Esq.,
of Waterbury, as a Commissioner of the Superior Court for
New Haven County, and acknowledged themselves jointly and
severally bound unto this plaintiff in a recognizance of $4,000,
conditioned that the said Rothschilds Company should prose-
cute said writ of replevin to effect, and pay to this plaintiff
any judgment he might recover in said action of replevin, and
return to this plaintiff the goods and chattels that might be
replevied by said writ of replevin, and to pay to this plaintiff
all the damages he might sustain by the replevying of said
goods, if the Rothschilds Company failed to establish its right
to the possession of said goods in said action of replevin.
12. Upon the defendants entering into said bond the said Geo.
E. Terry, Esq., as such commissioner issued said writ of re-
plevin, and the same was placed in the hands of Maurice F.
Cormody, a constable of Waterbury, for service.    13. On
June 19th, 1895, the said Cormody as such constable with
said writ of replevin entered the plaintiff's saloon and took
and carried away therefrom and replevied out of the posses-
sion of this plaintiff all of the fixtures above described, except
said cigar counter, and delivered the same to the Rothschilds
Company aforesaid.    14. The said cigar counter at the time
the said fixtures were replevied was of the value of $50.
15. The other bar fixtures replevied at the time and place
they were replevied were of the value of $1,500.    16. The
said writ of replevin was made returnable before the District
Court of Waterbury, and was returned to said court on the
first Tuesday of September, 1895.    17. The plaintiff in this
action, who was the defendant in said action of replevin, on
October 5th, 1895, filed his answer to said action of replevin,
denying all of the allegations in the complaint.    18. The de-
fendant in said action of replevin did not file any notice of or
any pleading claiming any damages for the taking of said fix-
tures out of said saloon by means of said writ of replevin.

19. Said action of replevin was continued in said district court until February 12th, 1897, when the same was tried upon the issue formed therein as above stated to the jury. 20. Thereupon on said day said jury after hearing the parties in said action of replevin rendered the following verdict: 'The jury in the above case finds the issues for the defendant, Gardner F. Gould, and according to such finding renders a verdict for the return of the goods to the defendant, and assess his damages at $1.' 21. The District Court accepted said verdict and ordered the same recorded, and adjudged that the defendant, Gardner F. Gould, should have return of the goods and chattels replevied, and recover of the plaintiff $1 damages, and his costs of said action, taxed at $95.10. 22. The defendant in said action of replevin offered no evidence and made no claim whatever to recover any damages in said action. 23. The fixtures replevied have not been returned to this plaintiff, though demanded by the plaintiff; nor have the costs of said action of replevin, or the $1 damages awarded to the defendant therein, been paid to him, or any part thereof. After the judgment for the return of the goods replevied was rendered in the replevin suit, and before this action was begun, the Rothschilds Company went into insolvency, in the City, County and State of New York, and a trustee was appointed upon its estate. 24. At the time said fixtures were replevied the plaintiff was carrying on the business of selling intoxicating liquors in said saloon, and for that purpose was using said bar fixtures therein. 25. The use of said bar fixtures so set up in said saloon and for carrying on said business was worth $2 per day. 26. Immediately after said fixtures were replevied the plaintiff ordered new fixtures, and they were constructed and put into said saloon. 27. About two months and a half were occupied by the manufacturers in making said fixtures and putting them into said saloon. 28. The plaintiff used reasonable diligence in procuring said new fixtures, and the reasonable cost thereof was $1,600. 29. During the time said new fixtures were being manufactured and put into said saloon the plaintiff's business was very much interrupted, **and during that period of time his average daily earnings**

were less by $2 a day than they had been before that time. 30. This loss of average daily earnings was in consequence of the replevying of said fixtures. 31. The plaintiff claimed to recover: 1. The value of the property replevied. 2. That the defendant was estopped by the allegation in the action of replevin from denying that the value of the goods replevied was $2,000, less the value of the cigar counter. 3. The value of the use of said bar fixtures from the time they were replevied until the verdict was rendered in said action of replevin. 4. The cost of putting in new fixtures in place of those taken out, to enable the plaintiff to continue carrying on his business, to a reasonable amount. The court overruled said several claims, and rendered judgment for the plaintiff to recover of the defendant $1,172.82, and costs."

The judgment rendered is made up as follows :—

" The value of the plaintiff's interest in the
goods, replevied when and where they were
taken in the replevin suit   .   .   . $1,000.00
Costs in replevin  .  .  .  .  . 95.10
Damages in replevin case  .  .  .  . 1.00
                                        ————
    Amount  .  .  .  .  . $1,096.10
Interest on $1,096.10 from February 14th,
1897, to April 14th, 1898  .  .  . $76.72
                                        ————
                                     $1,172.82

" The court finds that the plaintiff sustained damages for the detention of the articles in question from the time of the replevin down to the time of the judgment in the replevin suit, but is of the opinion that they cannot be recovered in this action against the surety on the bond, and that such damages should have been and were assessed in that suit."

*John O'Neill*, with whom was *William Kennedy*, for the appellant (plaintiff).

The court erred in deciding that the plaintiff's damages were assessed in his favor in the action of replevin, and that

they could not now be assessed in this action on the bond. It is believed that the court was controlled by the case of *Stevens* v. *Tuite*, 104 Mass. 328. The statute in Massachusetts contains very different provisions from the Connecticut statute. Under § 1333 of the General Statutes the defendant in replevin may or may not give notice of his claim for damages; he has the right to do so, but is under no obligation to do so. This question was very fully considered in the *Washington Ice Co.* v. *Webster*, 62 Me. 341–363, ·125 U. S. 426. See also *Hall* v. *Smith*, 10 Iowa, 45; *Whitney* v. *Lehmar*, 26 Ind. 506.

*Lucien F. Burpee*, for the appellee (defendant).

The court did not err in refusing to render a judgment for more than the value of the plaintiff's interest in the property. *Bradley* v. *Reynolds*, 61 Conn. 286. The question is, how much was equitably due the plaintiff? Certainly not the full value of the property, unless he owned it. *Allen* v. *Woodford*, 36 Conn. 149; *Vinton* v. *Mansfield*, 48 id. 474; *Leonard* v. *Whitney*, 109 Mass. 269; *Jones* v. *Smith*, 7 Me. 452. A defendant in a suit on a replevin bond, where a breach is admitted or shown, may prove the real amount of the damages which the plaintiff has suffered, to be less than the value of the goods. *Jackson* v. *Emmons*, 59 Conn. 495; *Greene* v. *Barker*, 14 id. 431; *Allen* v. *Woodford*, *Vinton* v. *Mansfield*, *Jones* v. *Smith*, *Leonard* v. *Whitney*, *supra*; 2 Sedg. on Damages (7th ed.), 440 and note. The defendant's claim for damages was an entire and indivisible claim. He cannot recover part of it in one action and subsequently maintain another action for the remainder. *Stevens* v. *Tuite*, 104 Mass. 232; *Warren* v. *Comings*, 6 Cush. 103; *Bennett* v. *Hood*, 1 Allen, 47. The time for such proof has gone by. He has had his "day in court." It is the very thing which he might and should have proved in the replevin suit. *Fuller* v. *Shattuck*, 13 Gray, 70, 71; *Homer* v. *Fish*, 1 Pick. 439; *Peacock* v. *Haney et al.*, 37 N. J. L. 181. The court expressly finds that the damages sustained by the detention of the property

Gould *v.* Hayes.

from the time of the replevin down to the time of the judgment in the replevin suit, were assessed in that suit.

ANDREWS, C. J. The plaintiff had judgment in his favor, but he has appealed to this court on the ground that he was not awarded as large a sum in damages as he thinks he is entitled, upon the facts found, to recover. It is found that the plaintiff was not the owner of the goods replevied. He had an interest in them to the amount of $1,000—the amount which he had paid. This amount was the whole of "the value of the goods replevied" which he owned. There was no error in fixing this sum as the amount of his damages in this item. We think, however, that the plaintiff is entitled to have interest on that sum from the day of the replevin to the day of this judgment. The plaintiff having been deprived of his property, the same rule of damages should be applied as in cases of trespass or trover. *Parrott* v. *Housatonic R. Co.*, 47 Conn. 575; *Bradley* v. *Reynolds*, 61 id. 271, 286. Of course the plaintiff is entitled to recover the costs in the replevin suit, and should have interest on that sum.

The plaintiff also claimed to recover the value of the use of the property replevied, from the time of the replevin until the verdict in the replevin suit, and a reasonable amount for the cost of putting in new fixtures in place of those taken away by the replevin, to enable him to continue to carry on his business. The court overruled these claims, on the ground that they could not be recovered in this action against the surety in the bond, and that such damages should have been and were assessed in the replevin suit.

If it is true that these damages have already been assessed in the replevin suit, then certainly the plaintiff has no claim to have them considered in this suit. But is this so? It is insisted in behalf of the defendant in this suit that such assessment was there made because of the language of the verdict in that case. The verdict was this: "The jury in the above case finds the issues for the defendant, Gardner F. Gould, and according to such finding renders a verdict for the return of the goods to the defendant, and assess his damages at $1."

The said Gould, the defendant in said action of replevin, made answer denying all the allegations of the complaint. He did not file any notice of, or any pleading claiming, any damages for the taking of the said fixtures out of his saloon by means of said writ of replevin. The only issues, then, which were raised by the pleadings in that case were: (1) whether or not the then plaintiff was entitled to the immediate possession of the goods replevied; and (2) whether or not the then plaintiff was entitled to have damages for the detention of the said goods. These were the only issues upon which the jury could lawfully pass. There was no issue in that case upon the question whether or not the then defendant (now plaintiff) was entitled to have any damages, and so the jury could never have passed on that question. In the whole record of that replevin action the first place where anything appears in respect to damages to be recovered by the defendant therein, is in the verdict of the jury. The words of a verdict or of a judgment file do not constitute a judgment. These are nothing, except so far as they are the conclusions of the matter contained in the whole record. In Blackstone's Comm. Vol. 3, p. 395, it is said: "Judgments are the sentence of the law, pronounced by the court upon the matter contained in the record." And at page 396 it is added, that a judgment "is the conclusion that naturally and regularly follows from the premises of law and fact." This is the definition given in Jacob's Law Diction ary. 2 Tidd's Practice, at p. 841, says: "Judgment is the conclusion of law, upon the facts found or admitted by the parties." It is "an adjudication of the right of the parties in respect to the claim involved." *McNulty* v. *Hurd*, 72 N. Y. 518, 521.

What the judgment is in any case can be determined only by considering the whole record. If there are no premises; if there are no matters contained in the record upon which a sentence or award can be pronounced; if there are no claims of the parties involved; it is certain there can be no judgment. Such is this case. It seems to us that this part of the verdict, as well as so much of the judgment file as is predicated upon it, have no validity in the law. We know from the

finding that these damages were not in fact assessed in the replevin suit, and we think there is nothing in the case from which the law will infer that they were so assessed.

The trial court seems, also, to have ruled that the plaintiff could not in this action recover the damages which we are now considering, for the reason that such damages "should" have been assessed in the replevin suit. This rule implies that in any replevin suit, if the defendant claims damages on account of the replevying of the property, he must litigate that claim in the replevin suit, and that he may not litigate such a claim in a suit on the replevin bond.

We are inclined to think that this rule cannot be sustained. Replevin in this State is indeed a statutory action. Sections 1323 to 1334, which give the remedy and prescribe its form, while authorizing a defendant to test his right to damages by appropriate pleadings in the replevin suit itself, also prescribe the form of the bond; and in such bond the principal and surety bind themselves, jointly and severally, to pay to the defendant therein among other things, "all damages sustained by the replevying" of the goods named in the writ. This language is broad enough to include such damages as the plaintiff now claims, and there is nothing in these statutes which indicates that a defendant in such case who has suffered damages may not as well recover them in a suit on the bond as in the replevin suit. *Washington Ice Co.* v. *Webster*, 62 Me. 341. In the respect of pleading and trial, these damages are analogous to a counterclaim. A defendant who has a counterclaim is not compelled to set it up in the suit which is brought against him. He may do so if he desires, or he may bring an independent suit on it. We think the court erred in assessing the plaintiff's damages, and that this case should be remanded for further proceedings according to this opinion.

Error and case remanded.

In this opinion the other judges concurred, except HAMERSLEY and HALL, Js., who dissented, upon the ground that the plaintiff should have claimed and recovered his damages when defendant in the replevin suit.