WILLIAM J. ADAMS vs. ARTHUR G. WRIGHT.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff replevied from the defendant a lunch wagon which the latter had purchased and was using under a contract of conditional sale, by the terms of which he was to pay as "rent" $20 per month until the agreed price had been paid. Judgment for a return of the wagon and for damages was rendered in favor of the defendant.
*Held:*—

1. That while the defendant was entitled to recover, as damages for being wrongfully deprived of the use of the lunch wagon, its fair rental value, which the trial court found to be $10 per month, together with his expenses incurred in procuring a new wagon and adapting it for use, and the loss from an interruption of his business, he was not entitled to recover, in addition, the value of the new wagon; since that would make him a substantial gainer by the transaction.

2. That the fact that the defendant had agreed to pay $20 a month under his contract, and that after obtaining possession of the wagon on the replevin writ the plaintiff, under a like contract, received such monthly payments from his vendee, did not entitle the defendant to recover that sum as the monthly rental value of the wagon; said $20 payments being instalments of the purchase price as well as compensation for the use of the wagon.

Argued January 23d—decided March 5th, 1902.

ACTION of replevin for the possession of a lunch wagon and its fixtures, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered in favor of the defendant for a return of the property and for $281 damages, and appeal by him for alleged errors in the rulings and findings of the court upon the question of damages. *No error.*

The case is sufficiently stated in the opinion.

*George E. Hall,* for the appellant (defendant).

*Robert C. Stoddard,* for the appellee (plaintiff).

HALL, J.  Upon the evidence before us the defendant is not entitled to any of the corrections of the record asked for.

It only remains to be considered whether the trial court erred in assessing the damages awarded the defendant.  The following facts are pertinent to that question : On the 4th of November, 1899, the plaintiff replevied from the defendant a lunch wagon of the value of $300, which the defendant had purchased and was using under a contract of conditional sale, by the terms of which he was to pay monthly instalments of $20, described in the contract as rent.  After the wagon had been replevied the plaintiff expended $150 in repairing and improving it, and sold it under a conditional bill of sale by which he received similar monthly payments of $20.  The value of the wagon at the time of the judgment was $450.  After the wagon had been taken from the defendant under the writ of replevin, he purchased a new one for $800.  He expended $31 for traveling expenses in endeavoring to procure another wagon to take the place of the one replevied, and $24.28 in adapting the new one to the use to be made of it, and lost $25 by the interruption of his business from the date of the replevin until the 15th of November, when the new wagon was ready for use.  Since November 15th he has continued to use the new wagon in his business.  The trial court found that $10 a month was a fair and reasonable rent for the wagon taken, and on July 9th, 1901, rendered judgment for the defendant for the return of the property replevied and $281.94 damages.

The judgment for damages was made up of these items :

| | |
|---|---|
| Use of property replevied from date of replevin to date of judgment, at $10 per month | $201.66 |
| Expense incurred in procuring new wagon | 31.00 |
| Expense of altering new wagon | 24.28 |
| Loss by interruption of business | 25.00 |
| | $281.94 |

The defendant claims that he should have been allowed the $800 paid for the new wagon, or that, if he was not en-

titled to that sum, he should have been allowed at least $20 a month for the loss of the use of the wagon replevied.

The case of *Gould* v. *Hayes*, 71 Conn. 86, relied upon by the defendant, is not an authority for the claim that the $800 paid for the new wagon should have been included in the damages assessed. That case decided that no claim for damages for the replevin having been filed by the defendant in the replevin suit, and no damages therefor having been assessed in that action, such damages might be assessed in an action on the replevin bond; but the case does not attempt to state the items of damages which the defendant might recover. In that case the principal goods replevied were bar fixtures, and it appeared, as it does in this case, that the plaintiff's business was interrupted by the replevin, and that he was compelled to incur considerable expense to procure other property to take the place of that replevied. This court said that the language of the replevin bond was broad enough to include "such damages as the plaintiff now claims," that is, damages sustained by the replevying of the property. While in that case the trial court might rightly have included in the damages for the replevin a reasonable allowance for the time and expense of procuring the new fixtures to be put in, it could not properly have allowed the plaintiff the full value of the new fixtures which he purchased and put in, and also the $1,000 as the full value of his interest at the time of the replevin in the property replevied and not returned.

In the present case the defendant has a judgment for return which may be enforced by an action on the replevin bond. We must assume, therefore, that he will receive back the wagon replevied in as good a condition, and that it will be at least of as great value, as when replevied, or that, if not returned, the defendant may recover that value in an action on the bond. If, in addition to recovering the property replevied in as good a condition and as valuable as when it was taken, or the full value of the property at that time, the defendant should also be paid the cost of the new wagon, together with the other items of the damages assessed, instead of receiving, as it is the purpose of the law

he should, only fair compensation for the injury sustained by the replevin, he would gain by the transaction the value of the new wagon which he still possesses.

The fact that the defendant by a contract of conditional sale had agreed to pay as rent $20 a month for the wagon before it was replevied, and that the plaintiff under a like agreement received such monthly payment from his vendee, did not entitle the defendant to recover that sum as the monthly rental value of the wagon replevied. The $20 payments, if made in accordance with the terms of the contract of conditional sale, were payments of the purchase price by instalments. For the loss of the use of his wagon the defendant was entitled to recover no more than its fair rental value from the date of the replevin to the date of the judgment. The finding of the trial court, that $10 a month was a fair and reasonable rent, is conclusive.

The defendant has no reason to complain of the assessment of damages.

There is no error.

In this opinion the other judges concurred.