THE RALPH N. BLAKESLEE COMPANY *vs.* PAT RIGO
ALIAS PASQUALE RAGOZZINO ET AL.

Third Judicial District, New Haven, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Special damages are those which the law does not necessarily imply from the acts complained of; but the loss of the use of an automobile is an obvious and necessary result of its wrongful seizure and detention, and is not therefore special damage which must be pleaded.

A defendant who neglects to ask for a more specific statement of the plaintiff's claim for damages, and makes no objection to the evi-

dence offered upon the trial in support of the claim, cannot be heard to complain in this court of the inadequacy of the notice.

Whether a judgment which included special damages which had not been alleged, but evidence of which had been admitted without objection, would be erroneous to that extent, *quære*.

Inability to follow one's ordinary vocation may be proved in an action for damages for personal injury, although there is no allegation in the complaint showing the extent of the injury; but proof of loss in some special pursuit yielding a pecuniary reward, is not admissible in evidence unless alleged in the complaint.

When personal property which has a usable value is wrongfully detained, the value of its use thus lost to the owner, together with any depreciation in its value, during such detention, measures the damages recoverable. This rule applies to actions upon a replevin bond, to actions in trover, and for injuries to personal property.

The owner of an auto-truck which has been wrongfully detained, is under no duty to mitigate the damage by purchasing and using another truck during the period of such detention.

If the auto-truck when wrongfully taken was incapable of operation until repaired, the cost of such repairs, made in good faith by the defendant and under a bona fide claim of ownership, should be allowed him and deducted in determining the amount of the plaintiff's recovery for the loss of use.

Argued January 22d—decided March 5th, 1920.

ACTION upon a replevin bond, brought to and tried by the Superior Court in New Haven County, *Kellogg, J.;* facts found and judgment rendered for the plaintiff for $1,604, and appeal by the defendants. *Error in part.*

The defendant Rigo prayed out a writ of replevin on December 13th, 1917, against the plaintiff, and took from the possession of plaintiff an auto-truck. The truck at this time was completely dismantled and could not have been used or operated by the plaintiff unless new parts were installed in place of those injured, and necessary repairs made which were very considerable. Rigo replaced these parts and caused the repairs to be made upon the truck in order to render it operative and serviceable. This was done as speedily as possible and completed April 2d, 1918. At

the time the truck was replevied by Rigo it was of the value of $475.

The defendant in the replevin action, the plaintiff herein, secured a judgment in its behalf for the return of the truck on April 16th, 1918, and duly made demand upon defendants, but they neglected and refused to return the truck or to pay the plaintiff the damages sustained by the replevying of it. Thereupon plaintiff caused execution to be issued and delivered to a sheriff, who made demand for the truck, but this was refused, and thereupon the sheriff located the truck and returned it to the plaintiff on June 22d, 1918. The truck was at this time worth $300.

The plaintiff was deprived of the use of the truck, as a working truck in a usable condition, from April 2d, 1918, to June 22d, 1918. Plaintiff is engaged in the cartage business, and between said April 2d, 1918, and June 22d, 1918, there was a daily demand upon it for the hire of automobile trucks such as the truck in question; and plaintiff was obliged to hire trucks during this period, but the amount paid by it is incapable of ascertainment. The rental value of this truck during the period plaintiff was deprived of its use, from April 2d, to June 22d, 1918, was $22.50 per day exclusive of the cost of its operation.

In the replevin bond given in the replevin action and herein sued upon, the defendants jointly and severally bound themselves in a recognizance in the sum of $2,400, that said Pat Rigo should prosecute his suit to effect and pay to plaintiff herein any judgment that it might recover in said replevin action, and pay to it all damages that it might sustain by the replevying of the truck if said Rigo should fail to establish his right to possession in that suit.

Judgment herein was rendered upon said bond in the sum of $1,604.30.

*Joseph J. Davis* and *Charles W. Bauby,* for the appellants (defendants).

*Lawrence L. Lewis,* for the appellee (plaintiff).

WHEELER, J. The judgment is complained of because it includes special damages when none such were alleged in the complaint, and because a wrong measure of damages was adopted.

The damages for which judgment was rendered were formed, wholly or nearly so, of the value of the loss of use of the auto-truck. The only allegation of the complaint which sets forth the plaintiff's claim for damages is, that "said Ralph N. Blakeslee Company has sustained damages from the replevying of said truck in the sum of $3,000." Evidence was offered, without objection, of the value of the 'use of the truck during the period of its detention when it was in usable condition. At the conclusion of the argument the defendants claimed the plaintiff was not entitled to recover for the loss of the use of the truck, since no special damages were set up in the complaint.

Special damage is that which the law does not necessarily imply from the acts complained of. The detention of the auto-truck necessarily implied a loss of its use during the period of detention, and was a necessary result thereof. The defendants thus had notice that the complaint claimed damages which involved loss of use of this truck. They might, upon motion, have secured an order for a more specific statement of the exact claim for loss of use, but having gone to trial and permitted introduction of the value of the loss of use, they cannot now be heard to complain of the inadequacy of the notice of loss of use. The inability to follow one's ordinary vocation may be proved in the absence of allegation in the complaint showing the ex-

tent of the injury, but proof of loss to one while in some special pursuit yielding a pecuniary reward, cannot be admitted in the absence of such allegation in the complaint. Such losses are peculiar to the condition of the injured party, and hence are special damage and cannot be proved, when not alleged, over objection. These consequences depend on the peculiar situation of the plaintiff, and these the law will not imply. *Tomlinson* v. *Derby*, 43 Conn. 562, 567; *Smith* v. *Whittlesey*, 79 Conn. 189, 191, 63 Atl. 1085. This illustration signifies the difference between it and the situation in this case.

Whether a judgment which included special damages, which had been admitted in evidence without objection, would be to that extent erroneous, we need not now inquire. The damage for loss of use in this action was not special damages, as such are known to our law.

The defendants insist that the most the plaintiff was entitled to recover, was for the depreciation in the value of the truck between the time of the replevin and the time it was taken by the plaintiff on execution. Manifestly this would not indemnify the plaintiff for the injury it had sustained by reason of the unlawful taking and detention of its truck. In cases of merchandise kept for sale or consumption, interest on the value of the property detained would measure the loss. In cases where the property has a usable value, the loss of the use is the damage suffered and the value of that use the measure of damage. In each case, if there has been a diminution in the value of the article taken, the depreciation is also an element of the recovery. *Adams* v. *Wright*, 74 Conn. 551, 51 Atl. 537; *Boston Loan Co.* v. *Myers*, 143 Mass. 446, 447, 9 N. E. 805; *Clark* v. *Martin*, 120 Mass. 543; *Allen* v. *Fox*, 51 N. Y. 562, 565. A similar rule prevails in trover; *Lewis* v.

*Morse,* 20 Conn. 211, 217; in admiralty; *The H. F. Dimock,* 23 C. C. A. 123, 77 Fed. Rep. 226; for injury to personal property; *Fritts* v. *New York & N. E. R. Co.,* 62 Conn. 503, 509, 26 Atl. 347; and for injury to a horse through a defect in the highway. *Brown* v. *Southbury,* 53 Conn. 212, 214, 1 Atl. 819. The plaintiff is to be replaced, through the action on the replevin bond, in the position it would have occupied if the truck had not been replevied. *Bradley* v. *Reynolds,* 61 Conn. 271, 286, 23 Atl. 928. The language of the replevin bond is broad enough to include damages for the loss of use. *Gould* v. *Hayes,* 71 Conn. 86, 94, 40 Atl. 930.

The defendants' claim, that it was the duty of the plaintiff to replace the truck within a reasonable time after it was replevied from it, is without merit. The defendant had taken from it the truck; it was under no duty to mitigate the damage done it by the wrongful taking, by purchasing and using another truck. It had suffered one loss through the unlawful taking, it should not be required to incur the liability of increasing this loss in order to reduce the damages incurred by the unlawful taking. *Boston Loan Co.* v. *Myers,* 143 Mass. 446, 447, 9 N. E. 805.

One other reason of appeal requires notice. The defendant claims that the expenditures made in the necessary repairs of the truck should go to mitigate the judgment rendered, and were made in good faith under a bona fide claim of ownership. We understand that these expenditures are those made upon the truck in order to put it in condition for use. The truck was not fit for use until made so by the expenditures of the defendant. Unrepaired, the loss of its use was obviously not large. While the plaintiff was entitled to the use of the truck during the whole time of detention, no claim is made for the value of its use until after these repairs had made it fit for use. The defendant's expenditures

made the truck, which was before incapable of operation, now capable of use. So that a part of the value of the use was furnished by the defendant. It is only fair that he should be permitted to deduct this expenditure, with interest thereon, from the value of the use. To this balance should be added the depreciation in the value of the truck, and interest computed on these sums until date of judgment, and judgment rendered for this amount in favor of plaintiff.

There is error in part, the judgment is reversed and the Superior Court is directed to ascertain the cost of said repairs and thereupon to render judgment in accordance with this opinion.

In this opinion the other judges concurred.