FRANK R. FOX *v.* THOMAS BARTOLOTTA ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 15-6112-1365

678

Argued April 13—decided July 14, 1964

*William Singer,* of Hartford, for the appellants (defendants).

*Julius D. Morris,* of New Britain, for the appellee (plaintiff).

LEVINE, J. The finding indicates that on November 6, 1957, the plaintiff contracted with the defendants to install a swimming pool on the defendants' premises for $2000. All but $200 had been paid when the parties became involved in legal action. On July 22, 1960, the defendants brought suit against the plaintiff in the Superior Court for breach of contract and, after trial of the issues, obtained a judgment in the sum of $500. The court also ordered the return of a motor and pump which the plaintiff had removed from the defendants' pool. The plaintiff did not counterclaim or allege a setoff in the Superior Court action for the balance of the contract price, and the memorandum of decision, dated May 4, 1961, does not indicate that the matter was considered. The defendants counterclaimed in the present action for the plaintiff's failure to return the motor and pump in accordance with the order of the Superior Court.

The defendants assigned errors in the finding but did not pursue them in their brief, and they will

therefore be disregarded. Maltbie, Conn. App. Proc. §§ 167, 327. The third assignment of error is addressed to the court's conclusion that the doctrine of res judicata is not applicable to this case, and the last two assignments of error concern the court's refusal to allow the defendants to present evidence on the counterclaim as to the loss and damage they suffered as the result of the failure of the plaintiff to return the pump and motor as ordered by the Superior Court, and the court's conclusion that the loss occasioned by the failure to return these items was res judicata.

With respect to the court's conclusions, the rule is that they are to be tested by the finding, and, unless they are legally or logically inconsistent with the subordinate facts, or unless they involve some erroneous rule of law material to the case, or unless they are unreasonably drawn from the facts found, they must stand. Maltbie, op. cit. § 166. The rule of law governing res judicata is stated as follows: "A final judgment on the merits is conclusive on the parties to an action and their privies as to the cause of action involved. If the same cause of action is again sued upon, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196. The cause of action which the plaintiff is now suing upon is the balance of the contract price, and we must determine whether or not that cause was acted upon in the Superior Court action between the same parties. The plaintiffs there (defendants herein) sued for breach of contract. The finding in the instant action states that the defendant there (plaintiff herein) did not put the balance due him on the contract in issue by counterclaim, setoff or otherwise, and therefore the balance due was not adjudicated. See *Lowndes* v. *City*

*National Bank,* 79 Conn. 693, 696. The court was correct in concluding that the cause of action of the plaintiff had not been adjudicated in the prior action, in which he had been a party defendant.

The assignments of error addressed to the refusal to admit evidence cannot be considered, since they did not "refer to an exhibit which shall be annexed and shall set forth the question, the objection, the answer if any, and the exception." Practice Book, 1963, § 989 (4); Maltbie, op. cit. § 174. However, since the defendants have assigned error in the court's conclusion that loss or damage for failure to return the motor and pump was res judicata by virtue of the Superior Court decision ordering their return, we are in effect giving consideration to their claims of error with respect to the evidence. The order of the Superior Court directing the return of those items was res judicata as to the title or ownership. Since no date was specified for their return, the plaintiff had a duty to return them as soon as the judgment was rendered. The failure to do so gave rise to a new cause of action which would include such losses as the defendants were able to show resulted (from the failure to return the motor and pump) from the date of the judgment for their return to the date of the commencement of the present action. This was not a cause of action which could have been adjudicated by the Superior Court in the prior action, and the trial court was in error in concluding that the cause of action with respect to the loss of use of the motor and pump was adjudicated.

There is error in part; the judgment is set aside, and the case is remanded with direction to render judgment for the plaintiff to recover $200, and for the defendants to recover such damages as they may prove on a new trial limited to the issue of

the damages, alleged in the counterclaim, resulting from the failure of the plaintiff to return the pump and motor.

In this opinion PRUYN and KINMONTH, Js., concurred.