FRANK R. FOX *v.* THOMAS BARTOLOTTA ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 15-6112-1365

Argued November 29, 1965—decided March 4, 1966

*William Singer,* of Hartford, for the appellants (defendants).

*Julius D. Morris,* of New Britain, for the appellee (plaintiff).

LEVINE, J. Upon a previous appeal to this court, this case was remanded to the trial court with direction that there be a new trial "limited to the issue of the damages, alleged in the counterclaim, resulting from the failure of the plaintiff to return the pump and motor." *Fox* v. *Bartolotta,* 2 Conn. Cir. Ct. 677. Trial of this issue resulted in a judgment for the defendants in the amount of $50, from which judgment the defendants appealed, assigning error in the trial court's refusal to grant the defendants' motion to correct the finding and in its conclusion that $50 was adequate compensation for the loss of use of the pump and motor.

The defendants have failed to brief the errors assigned in the refusal to correct the finding, and they are therefore deemed abandoned. *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390; Maltbie, Conn. App. Proc. §§ 167, 327. The finding discloses that the plaintiff constructed a swimming pool for the defendants on their premises. On July 22, 1960, the defendants brought suit against the plaintiff in the Superior Court in Hartford County for breach of contract and obtained a judgment for $500 and an order by the court for the return of the pump and motor originally installed and subsequently removed and retained by the plaintiff. The plaintiff did return the pump and motor to the defendants on March 7, 1962. The defendants, however, were without the pump and motor during

the summer season of 1961 and were unable to use the pool. Thereafter, on November 11, 1961, the plaintiff brought this suit in the Circuit Court for the $200 balance alleged to be due for the construction of the pool, and the defendants counterclaimed for damages suffered by them because of the plaintiff's failure to obey the order of the Superior Court for the return of the pump and motor.

The sole question remaining is the conclusion of the court in arriving at damages in the amount of $50. The conclusions are to be tested by the findings of fact. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655; Maltbie, Conn. App. Proc. § 165. The defendants claim that damages should have been awarded for the rental value of the pump and motor for the summer of 1961, the depreciation of the pool, expenses for transportation to other bathing facilities, meals in restaurants and bathhouse rentals. It is apparent that the defendants are seeking to benefit from both methods of computing damages. If the value of the pump and the motor is computed by their rental value for the summer season of 1961, this would exclude cost of transportation to other swimming facilities, bathhouse rentals and meals; on the other hand, if damages are computed by the cost of transportation, bathhouses and meals, rental value and depreciation should be excluded. By way of damages, the defendants are to be placed in the position they would have been in if the pump and motor had not been taken and kept by the plaintiff. *Blakeslee Co.* v. *Rigo,* 94 Conn. 481, 486. "In cases where the property has a usable value, the loss of the use is the damage suffered and the value of that use the measure of damage. In each case, if there has been a diminution in the value of the article taken, the depreciation is also an element of the recovery." Id., 485. The defendants are entitled to recover either the rental value of a pump and

motor, plus depreciation of the original pump and motor for the summer of 1961, or the cost of using other bathing facilities for that period of time.

The defendants offered evidence of the cost of rental of a pump and motor with maintenance included, not the cost of rental of a pump and motor without maintenance, as was required for this case. In offering proof of the cost of traveling to other bathing facilities, the defendants provided no evidence of the reasonableness of the charges. On their counterclaim the defendants had the burden of proof, and while precise mathematical proof of damages is not always possible, the defendants were required to present evidence with such a degree of certainty as the case permitted, so that the court might have a basis upon which to make a fair and reasonable estimate. *Hedderman* v. *Robert Hall of Waterbury, Inc.*, 145 Conn. 410, 414; *Ball* v. *Pardy Construction Co.*, 108 Conn. 549, 551. "[H]e 'who seeks to recover damages . . . must establish a reasonable probability that . . . [the] injury [to the property] did bring about a loss . . . and must afford a basis for a reasonable estimate by the trier, court or jury, of the amount of that loss.'" *Hedderman* v. *Robert Hall of Waterbury, Inc.*, supra. The court could reasonably have found that the defendants had failed to furnish a sufficient, definite or probable basis for the determination of the amount of damages resulting to them from the plaintiff's wrongful detention. *Royal Parlor Coach Co., Inc.* v. *Susnitzky*, 108 Conn. 605, 610. Faced with this situation, we cannot say that the court was in error in awarding the amount of $50 on the basis of the evidence presented.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.