[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Corcoran Transportation, Inc. initiated this replevin action seeking the return of a tractor-trailer truck in the possession of the defendant James Schmidheini. The plaintiff alleged that the defendant had defaulted on the terms of the purchase agreement for the truck, that the plaintiff retained a security interest in the truck by way of the purchase agreement, and that the replevin action was brought by the plaintiff to enforce its rights as a secured party. The undersigned granted the plaintiff's application for a prejudgment remedy permitting the plaintiff to recover the truck by a writ of replevin. The court also ordered the plaintiff to file a bond with surety pursuant to General Statutes § 52-518[1] for twice the value of the replevied property. The plaintiff obtained possession of the truck and posted the required bond. The plaintiff thereafter sold the truck at public auction.
The defendant answered to the plaintiff's complaint and filed a counterclaim against the plaintiff. The defendant also successfully moved to cite in the sureties on the replevin bond, Donald Lockhart and Felicia Lockhart, as parties to the third, fourth and fifth counts of the counterclaim. The fifth count of the defendant's counterclaim alleges that "despite protest by [the defendant], the plaintiff caused said vehicle to be sold at auction. . . ." and that the plaintiff "exceeded its rights with regard to the tractor unit and has deprived [the defendant] of the use, enjoyment and profits of the same." (Defendant's Counterclaim, Fifth Count, ¶¶ 4-5.)
The plaintiff moved to strike the third, fourth, and fifth counts of the defendant's counterclaim. At oral argument, the defendant conceded that the motion to strike may be granted as to the third and fourth counts of the counterclaim. Only the CT Page 1819 motion to strike the fifth count is presently before the court. The defendant has objected to the motion to strike the fifth count of the counterclaim.
The motion to strike challenges the legal sufficiency of a pleading, including "any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The ground for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v.Police Commissioners, 182 Conn. 138, 140, 438 A.2d 27 (1980).
The plaintiff argues that the fifth count of the counterclaim fails to allege a cause of action because the sale of property that has been recovered by writ of replevin does not create a cause of action in favor of the former possessor of property. The plaintiff argues that, as a secured creditor, it had a legal right under General Statutes § 42a-9-504 to sell the collateral after repossession, no matter what process was used to repossess the secured property. In addition, the plaintiff argues that the posting of the bond pursuant to General Statutes § 52-518 was sufficient to secure the defendant's rights if the plaintiff is unable to establish its right to possession in the replevied property. The defendant argues that the allegations of the fifth count adequately sets forth a cause of action for damages arising out of the replevy for the loss of the use, enjoyment, and profits of wrongfully replevied property.
 Replevin is a purely statutory remedy. Belknap Savings Bank v. Robinson, 66 Conn. 542, 547, 34 A. 495. The case just cited rehearses its legislative history to 1895. . . . The plaintiff in replevin must prevail by the strength of his title rather than by the weakness of the defendant's. . . . He must show an immediate right to possession of the property at the time of bringing the action. . . . CT Page 1820
(Citations omitted.) M. Itzkowitz Sons, Inc. v. Santorelli,128 Conn. 195, 198, 21 A.2d 376 (1941). Pursuant to General Statutes § 52-524, "[i]f the defendant [in an action of replevin] claims a return of the goods or damages, he shall makethe claim by way of counterclaim." (Emphasis added.) Furthermore, pursuant to General Statutes § 52-529, "[i]f the defendant in his answer by way of counterclaim claims damages for the replevin, he may give evidence of the damages. Judgment,. . . if for the defendant, shall be for a return of theproperty and for his damages and costs." (Emphasis added.) "`[O]nly such damages are recoverable by a defendant in replevin as arise from the act of replevy.' Blakeslee Co. v. Rigo,94 Conn. 481, 109 A. 173." Switzer v. Turansky, 101 Conn. 60,61, 124 A. 220 (1924); see Faulkner v. Marineland, Inc.,18 Conn. App. 1, 2, 555 A.2d 1001 (1989); see also General Statutes § 52-524.
In Adams v. Wright, 74 Conn. 551, 51 A. 537 (1902), the plaintiff had taken, under what was later determined to be a wrongful replevy, a wagon used by the defendant in the defendant's business. The plaintiff sold the wagon to another party prior to the entrance of the judgment for the defendant in the replevin action. The defendant obtained a judgment for damages and a judgment for return of the replevied wagon. Id. 552, 553. The judgment for damages included the loss of use of the property from the date of replevin to the date of judgment, the expense incurred by the defendant in procuring a new wagon, the expense of altering the new wagon to its intended use, and the loss incurred from the interruption of the defendant's business caused by the replevin of the wagon. Id., 552. The court also held that
 [i]n the present case the defendant has a judgment for return which may be enforced by an action on the replevin bond. We must assume, therefore, that he will receive back the wagon replevied in as good a condition, and that it will be at least of as great value, as when replevied, or that if not returned, the defendant may recover that value in an action on the bond.
(Emphasis added.) Id., 553.
As noted, the proper way for the defendant in a replevin CT Page 1821 action to assert a claim for damages arising out of a wrongful replevy and a claim for the return of the property replevied is by way of a counterclaim. General Statutes §§ 52-524, 52-529. In the present case, the defendant alleges in the fifth count of the counterclaim that the plaintiff exceeded it rights with regard to the truck and deprived the defendant of the use, enjoyment and profits of the truck. The defendant also alleges that the truck was sold to a third party. Therefore, this court finds that the facts alleged in the fifth count of the counterclaim, when favorably construed, assert a cause of action on the bond for the value of the replevied truck, as well as the damages arising out of the replevy. The defendant has cited in the sureties on the replevin bond as parties to the fifth count of the counterclaim. Accordingly, if the plaintiff fails to establish its right to immediate possession of the truck, proof of the allegations of the fifth count would entitle the defendant to seek by way of the judgment of return the full value of the replevied property at the time of replevin, enforced against the replevin bond, and the damages arising from the replevin. See Adams v. Wright, supra, 74 Conn. 553. As such, the defendant's fifth count of the counterclaim is properly framed to assert a counterclaim in accordance with General Statutes § 52-524. Therefore, the plaintiff's motion to strike the fifth count of the counterclaim is denied.