JOSEPH PAPALLO *v.* THE MERIDEN SAVINGS BANK.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 7—decided November 7, 1941.

*J. Stephen Knight,* for the defendant.

*Francis R. Danaher,* for the plaintiff.

MALTBIE, C. J. This case was tried to the court, and judgment rendered for the plaintiff. The defendant appealed, a finding was made and the defendant sought corrections. The stenographer certified certain evidence as material to the corrections. The trial court certified it except that it made an addition of

certain words to one of the answers appearing in the transcript. The defendant makes a motion (1) for an order to the trial court to certify the evidence as it appears in the transcript; (2) to have stricken from the record the addition made by the trial court in its certificate; (3) to strike the court's certificate from the record. The question is whether the trial court is obliged to certify the transcript exactly as certified by the stenographer, or can it make corrections in it.

Previous to 1897 the only way to get facts upon the record for the consideration of this court was apparently by that type of finding which we now call a "special finding." General Statutes, Rev. 1888, § 1107; see 45 Conn. 405. Previous to 1884 there was no statutory provision for court stenographers and the trial court must have relied upon its own notes and memory in making the finding. In that year a law was passed providing for the appointing of official stenographers in the Superior Court, and it is stated therein that an exemplified transcript of their shorthand notes "shall be *prima facie* a correct statement of the testimony and proceedings." Public Acts, 1884, Chap. 95. This statement was omitted in the Revision of 1902, § 524. In 1897 the present method of taking appeals was established and provision was made for a finding in an appeal as we now know it. Section 9 of the act provided that if a motion to correct the finding was made, the party making it was required to file with the judge the evidence he deemed material, and this evidence was to be printed "so far as the judge shall find such evidence to have been given." There was no requirement that the evidence so furnished should be certified by the stenographer until the revision of the rules concerning appeals in 1930, although beginning in 1899 there is a reference to the certification of the evidence and such a certifi-

cate was the way in which the judge evinced his finding that the evidence had been given. See *Rowell* v. *Ross*, 89 Conn. 201, 208, 93 Atl. 236. For a time after 1897, the judge alone certified the evidence, but as time passed certificates by the stenographer as well as the judge appear frequently in the records. Finally in 1930, the rules were amended to provide that the evidence filed by a party with the court in support of assignments of error in the finding should be certified by the stenographer, and that the evidence "so filed" should be certified by the court. Our present rules are to the same effect. Practice Book, §§ 346, 348.

Although upon the face of the rules it would seem to be required that the court certify the evidence as certified by the stenographer and filed by the parties, the history of the practice shows that, until 1930, the responsibility of having the record correctly present the evidence as actually produced was upon the court. If the transcript presented by a party was not certified by the stenographer, the burden was upon it to assure itself of its correctness. The requirement of the rules of 1930 and the present rules that the evidence filed by a party be certified by the stenographer was primarily designed to relieve the court of that burden. A literal reading of the rules as holding that the court must certify the evidence exactly as certified to it by the stenographer would go beyond its purpose and would transfer to him the ultimate responsibility of seeing that the evidence printed is that actually given at the trial. That was not the intent. The ultimate responsibility still rests upon the court; and if, from notes of the testimony or memory, it concludes that the transcript is incorrect, it is its duty to correct it. If a party feels aggrieved by such a correction, he can seek relief by proceedings to rectify the appeal under § 365 of the Practice Book, which are as applicable to secure

the striking out of matter from the record as they are to adding matter to it.

The motion is denied.

In this opinion the other judges concurred.