The defendant was found guilty of the crime of breach of the peace by assault and battery in violation of § 53-174 of the General Statutes in a trial by the court and has appealed from the judgment.
The following facts, with such corrections as we consider allowable, were found: On May 20, 1961, the complaining witness, Ernest Hinz, who was a bartender at a restaurant operated by the defendant in Ridgefield, joined other employees of the defendant in a social party in the rooms at the inn where the employees were staying. In the course of this convivial gathering, all members of the party consumed varying quantities of beer, and the party became objectionably noisy. At 2 a.m. on May 21, the defendant returned from another place of business which he owned and demonstrated with his employees. About two hours later, the defendant was called to the inn by one of the members of the party and there he found that one of his employees, Jeremias, the chef, was on the point of leaving his employment. All of the members of the party, upon invitation of the defendant, went into the bar and had a drink, and as a result of a talk with Jeremias, the defendant persuaded him to return to his room. The defendant then closed up the bar and followed the others, including Hinz, to the quarters which the employees occupied at the inn. After Hinz entered his room, he was struck in the face by the defendant and received a painful injury. The defendant at that time and at all times prior thereto was sober, and Hinz had consumed six bottles or cans of beer. At that time, he was under the influence of liquor. Jeremias was in the room after Hinz was struck and did not witness the blow. In the presence of Jeremias, the defendant ordered Hinz to leave the premises and informed him that he was discharged from his employment. He helped *Page 456 
Hinz to pack his belongings, and Hinz drove away from the restaurant in his automobile. He was followed by the defendant in his automobile, accompanied by Jeremias, to the New York state line. Hinz slept in his car at the roadside for approximately two hours before going to New York City, where he visited a doctor and received treatment for his jaw, which had been broken by the blow.
Among the errors assigned pertaining to rulings on evidence, the only one which may require examination arises from the following questions and the answers given by the witness Hinz. "Q. — What sort of a mood did Mr. Tode appear to be in that evening? A. — He was very, very angry. Q. — Why? A. — Well, he's got the sort of temperament that the least little thing upsets him."
The foregoing had been preceded by an examination of the witness in which it appeared that the state sought to elicit some testimony relative to the disposition of the defendant and his proneness to violence. This, of course, was inadmissible, and the court excluded it. An objection to the second question and answer quoted above was made, not because they were an attack on the character of the defendant, which was not in issue, but rather because the answer was not responsive. Not only was the answer responsive but it was not subject to the same objection as the earlier questions, for it was clearly admissible to prove motive, which the state was permitted but not required to prove as a part of its case. State v. Cianflone, 98 Conn. 454, 465. Up to that point in the examination, there appeared to be no reason for the blow which admittedly was struck other than the testimony that Hinz was drunk and had used vile language toward the defendant. The ruling of the court was correct.
Other than the corrections and additions which we have already made in the foregoing statement of *Page 457 
facts, the defendant would not be advantaged by further consideration of the alleged errors as to the finding. Some of the findings urged are derived from conflicting evidence, and the court in the exercise of its discretion could disregard them.
The defendant further assigns error in the conclusion of the court that on all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. We have examined the transcript and find that the ultimate conclusion of guilt was amply supported by the evidence. This assignment of error is without merit.
Among the matters before us for consideration for the first time are the claims made in the argument on appeal that the trial judge failed to certify the transcript as required by the rules and that no finding was made for several months after the appeal was filed. What purpose these claims have so far as the appeal is concerned we fail to understand. For the defendant to sustain his appeal on the general ground stated, a transcript is necessary if not indispensable. In the absence of a transcript, the appeal would still lie but would be difficult to maintain without agreement of opposing counsel. Cir. Ct. Rule 7.20. In any event, if the transcript were stricken from the record, there would be no way in which further consideration of the defendant's appeal could be given. Under our rules, it is the duty of the appellant to furnish the transcript and to assert in the first instance that it is acceptable under the rules. Cir. Ct. Rules 7.4.1, 7.18.1. The transcript was filed by the defendant, and the appeal has been pursued by reference to the transcript as filed. If there was any objection which could have been made at the time the transcript was available for filing, the objection should have been voiced then by addressing a proper motion to the trial court. See Papallo v. Meriden Savings Bank, 128 Conn. 289, *Page 458 
291. Inasmuch as the defendant failed to do that, we must conclude that he has waived any such infirmity as he is now attempting to raise.
The defendant's other grounds attacking the judgment amount substantially to this: That he had been attacked by Hinz and in assaulting him was doing so in self-protection; that the testimony of Hinz was not worthy of belief because of his intoxication; that the defendant, because of his excellent reputation and his unquestioned sobriety at the time, should not be disbelieved; that a substantial period of time intervened between the incident resulting in the charge and the actual investigation of the complaint by the police; and that all of these asserted facts, or some of them, introduced a hypothesis of innocence to which the defendant was entitled as bearing on the question of reasonable doubt. See State v. Munroe, 22 Conn. Sup. 321, 331. The points advanced, as we summarized them, find their resolution in the credit which the court was entitled to give to the evidence on behalf of the state or for the defendant; and we cannot hold that the acceptance by the court of the state's version of the facts was erroneous or that it was based on an incorrect application of the law. The assault by the defendant on Hinz was admitted, thus making the sole issue one of self-defense. There were only two witnesses to the incident, the defendant and Hinz, and it was the exclusive function of the trial court to determine what credibility should be given their conflicting testimony. Maltbie, Conn. App. Proc. § 156.
 There is no error.
In this opinion JACOBS and KINMONTH, Js., concurred.