STATE OF CONNECTICUT *v.* MAC A. FIELDS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 1-22456

Argued September 25, 1967—decided July 12, 1968

*Robert E. Connolley,* of Greenwich, for the appellant (defendant).

*Robert J. Callahan,* assistant prosecuting attorney, for the appellee (state).

WISE, J. The information charged that the defendant had committed the crime of breach of the peace in violation of § 53-174 of the General Statutes. He demurred, alleging that the statute "is invalid in that it sweeps in a great variety of conduct under a general and indefinite characterization and leaves to the executive and judicial branches too wide a discretion in its application and leaves wide open the standard of responsibility, in violation of U.S. Const., 14th Amend." The other grounds alleged in the demurrer concern themselves with the sufficiency of the information and need not be considered, since the information states the crime, the date and the section of the General Statutes which the defendant is alleged to have violated. The information is in the short form authorized by §§ 491, 493, and 494 of the Practice Book. *State* v. *Davis,* 141 Conn. 319, 320. The demurrer was overruled, and the defendant entered a plea of not guilty and elected to be tried to a jury. After a full hearing before a jury, the defendant was found guilty. He has appealed from the judgment.

The constitutionality of a statute on which a criminal prosecution is based can be raised by a demurrer. *State* v. *McKee,* 73 Conn. 18, 24. The accused may plead over after a demurrer has been overruled, but he does not waive the right to have the ruling upon the demurrer reviewed on appeal. He may raise constitutional questions again upon the subsequent trial on the merits. "However, when the ruling upon a demurrer is followed by an answer or by a plea of not guilty, as in the case at bar, the ruling is reviewed on appeal with reference to all the proceedings following the plea." *State* v. *Sul,* 146 Conn. 78, 81; *State* v. *Hayes,* 127 Conn. 543, 582.

The defendant, in his first two assignments of error, attacks the constitutionality of § 53-174 because it is "unconstitutionally vague." There is no merit to this claim. It is fundamental that when a question of constitutionality is raised, courts must approach it with great caution, examine it with infinite care, and sustain the legislation unless its invalidity is clear and beyond a reasonable doubt. *Snyder* v. *Newtown,* 147 Conn. 374, 390; *Edwards* v. *Hartford,* 145 Conn. 141, 145. "Breach of the peace" has been the subject of statutes from the days of Swift. "The peace" has been defined in our state in many cases. It would serve no purpose to dwell on the many aspects of what constitutes "Breach of the peace." See *State* v. *Van Allen,* 140 Conn. 586, 589; *State* v. *Cantwell,* 126 Conn. 1, 6, 7, rev'd on other grounds, 310 U.S. 296, 309; *Malley* v. *Lane,* 97 Conn. 133, 138. The language used in the statute is plain and unambiguous. The legislative intent is clearly expressed and manifest. In our state, no statute will be held void for uncertainty if a practicable or sensible effect may be given to it. *State* v. *Andrews,* 108 Conn. 209, 213. " 'The rule of strict construction does not require that the narrowest technical meaning be given to the words employed

in a criminal statute in disregard of their context and in frustration of the obvious legislative intent.' " *State* v. *Faro,* 118 Conn. 267, 274 (quoting *United States* v. *Corbett,* 215 U.S. 233, 242). But where, as in this case, the legislative intent is clear and the language used to express it is unambiguous, there is no room for statutory construction. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683; *State* v. *Zazzaro,* 128 Conn. 160, 165. Thus, § 53-174 has been held not unconstitutional on its face. *Barber* v. *Kinsella,* 277 F. Sup. 72; *Watch Tower Bible & Tract Society* v. *Bristol,* 24 F. Sup. 57, aff'd per curiam, 305 U.S. 572.

As to the remaining assignments of error, we are faced with difficulties in properly reviewing this case. We are confronted with an appeal record that does not afford us the opportunity under our procedure to consider the claimed errors which the defendant seeks to raise. Only on the record presented can we decide the merits of an appeal. *State* v. *Keating,* 151 Conn. 592, 595, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963. The defendant filed no transcript of the evidence as required by § 960 of the Practice Book. Under the rules of the Circuit Court, it is the duty of an appellant to furnish the transcript and to assert in the first instance that it is acceptable under the rules. Practice Book §§ 960, 962; *State* v. *Tode,* 23 Conn. Sup. 454, 457, 1 Conn. Cir. Ct. 308, 311. Since one of the assignments of error is that the court erred in denying the defendant's motion to set aside the verdict because it was not supported by the evidence, a transcript is necessary, if not indispensable, for the defendant to sustain his appeal on this ground. Such a claim is determined by an examination of the evidence and not by a finding of facts. *State* v. *Schindler,* 155 Conn. 297, 301; *State* v. *Jones,* 153 Conn. 451, 455; *State* v. *Salvaggio,* 152 Conn. 716,

717. Since there is no transcript, this is dispositive of this ground of appeal. *Wooster v. Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703.

In other assignments of error, the defendant claims that the court erred in admitting and excluding certain evidence and in the admission of a confession by the defendant to the arresting officer. He has, however, failed to comply with our rules, which require that each assignment of error in the admission of evidence "be separately numbered and shall refer to an exhibit which shall set forth the question, the objection, the answer if any and the exception." Practice Book §§ 989 (4), 1006 (4). These claimed errors were not properly presented for review and we need not consider them.

Another assignment of error is that the defendant was not confronted by the complaining witness. This witness was designated as "Merice Sereat" in the bill of particulars filed by the state, whereas in the trial it developed that her real name was "Meredith Street." She testified at the trial that she was the same person mistakenly called "Merice Sereat." We cannot conceive that the defendant was in anyway prejudiced or that any of his rights were violated or harmed. An appellant must establish that an error was made and that it was probably harmful. *Sears v. Curtis,* 147 Conn. 311, 316. This, the defendant has failed to do.

The defendant also assigns as error that certain arguments of the prosecutor to the jury were improper and prejudicial. If the defendant deemed such remarks prejudicial, he should have taken exception and moved for a mistrial at that time. *Altieri v. Peattie Motors, Inc.,* 121 Conn. 316, 322. Whether he did this we are unable to determine. Again, without a proper record and finding we are

unable to consider this claim of error. Practice Book § 609; *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* supra; Maltbie, Conn. App. Proc. §§ 69, 198.

The jury could reasonably have found, from the conflicting evidence, the following facts. The defendant and Annie White were out together in an automobile during the evening of November 4, 1966; at approximately 1 a.m. on November 5, while in this automobile, the defendant, having argued with Annie White, intentionally struck her in the face with his hand; a struggle ensued; during this struggle Meredith Street, an acquaintance of Annie White, came upon the scene and attempted to break up the struggle; while she was so engaged, she and the defendant struggled and he struck her.

The case went to trial on the issues involved. The jury found the defendant guilty as charged. The jury heard and saw the witnesses and concluded that the state sustained its burden of proof. They did not believe the defendant's claims. It is within the province of the jury to accept or reject any or all of the evidence. *Hook* v. *Dubuque,* 153 Conn. 113, 114; *Desmarais* v. *Pinto,* 147 Conn. 109, 110. As to the claimed error in the charge and failure of the trial court to charge as requested, the appeal record does not contain the full charge of the court. In the absence of such a proper appeal record, we cannot consider whether there was error in the charge.

There is no error.

In this opinion DEARINGTON and MACDONALD, Js., concurred.