## State of Connecticut *v.* Warren D. Buchanan

#### Appellate Division of the Circuit Court

FILE No. MV 1-94938

Argued July 15—decided August 30, 1968

*Richard A. Silver,* of Stamford, for the appellant (defendant).

*Harold H. Dean,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant, having been found guilty of speeding in violation of General Statutes

§ 14-219 after a trial to the jury, has appealed, assigning error in the denial of his motion to set aside the verdict, in a ruling on evidence and in the court's charge to the jury.

The motion to set aside the verdict was based on the ground that the evidence did not conform to the information as made more specific by the bill of particulars. The bill of particulars filed by the state alleged that the violation occurred "northbound on Greenwich Avenue." The officer testified that he first saw the defendant on Greenwich Avenue traveling at a fast speed and he, the officer, gave chase and followed the defendant, who turned west on West Putnam Avenue, also known as the Boston Post Road. At this point the defendant stated that he would object to any vehicular conduct of the defendant occurring on West Putnam Avenue. The jury were excused and a protracted colloquy ensued between counsel and the court relating to the allegation in the bill of particulars. The court then informed counsel that if the defendant was taken by surprise to his prejudice the court was amenable to continuing the case, although the court indicated that it was prepared to admit the evidence as to the defendant's conduct on West Putnam Avenue. The defendant then stated that he wished to make a telephone call, and the court recessed. After recess, the officer testified to making his clock on West Putnam Avenue and thereafter arresting the defendant. All this evidence came in without objection. Since the evidence came in without objection, we treat the matter as a variance waived by the defendant. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 613; see *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 64. Moreover, an appeal from a final judgment predicated on a denial of a motion to set aside the verdict is not a proper means by which to attack the alleged variance.

*Chapin* v. *Popilowski,* 139 Conn. 84, 86; *State* v. *Rafanello,* 151 Conn. 453, 457. If a variance is suggested during the trial and found to exist by the trial court, it would not be a ground for acquittal but would permit an amendment of the information to make it conform to the proof. Practice Book §§ 525, 800. The court did not err in denying the motion to set aside the verdict.

The defendant also assigns error in the admission of certain evidence over his objection. This evidence, so it is claimed, related to the defendant's speed on West Putnam Avenue. Our rules require that such an assignment shall refer to an annexed exhibit which shall set forth the question, the objection, the answer, if any, and the exception. Practice Book § 1006 (4). This requirement was not complied with and no further consideration is necessary.

The final assignment of error relates to the refusal of the court to charge the jury as requested on the defense of entrapment. The defendant raised the defense of entrapment, claiming, in short, that the arresting officer was following him too closely and that the excessive speed on his part resulted from the officer's actions in that such speed was necessary to avoid a possible collision between his vehicle and that of the officer. Although the defendant also assigned error in the refusal of the court to charge, as requested, in several other respects relating to this issue, those requests appear not to have been briefed and are therefore disregarded. *Marra* v. *Kaufman,* 134 Conn. 522, 529; Maltbie, Conn. App. Proc. § 327.

Whether the defendant was entitled to have the issue of entrapment submitted to the jury is to be determined by the claims of proof in the finding. *State* v. *DaVila,* 150 Conn. 1, 5. Those of the defendant indicate that he was driving his vehicle on

West Putnam Avenue at 9:45 p.m. on the night in question and observed a vehicle chasing him and shining its bright lights in his rear-view mirror. The defendant thought it was a teen-age driver. The vehicle was three to four car lengths or seventy to eighty feet in the rear of the defendant's car. The defendant felt nervous because of the proximity of the other vehicle, and as it increased its speed, pushing the defendant and closing in on him, he, the defendant, increased his speed and in so doing exceeded the posted speed limit. The defendant could not stop his vehicle without jeopardizing his safety. The vehicle following him, it turned out, was operated by the arresting officer. He had followed the defendant for one and a half miles on West Putnam Avenue. When apprehended, the defendant informed the officer he was being followed too closely and thought it was a teen-ager. The defendant estimated his speed in the fifties.

The only material differences in the state's claims of proof and those of the defendant are that during the clock of four-tenths of a mile on West Putnam Avenue the defendant was traveling between seventy-four and seventy-six miles per hour and the officer remained a constant distance of about 100 feet behind the defendant. It thus appears that the chase continued for a distance of a mile and a half, during which chase the defendant at no time attempted to reduce his speed. The vital factor in determining if there has been an entrapment is " 'the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal prosecution against him' . . . . [I]f the criminal intent or the willing disposition to commit the crime originates in the mind of the accused and the criminal offense is completed, the fact that the opportunity is furnished or the accused is aided in the commission of the crime in order to secure the

evidence necessary to prosecute him for it constitutes no defense. On the other hand, if the evil intent and the criminal design originate in the mind of the government agent and the accused is lured into the commission of the offense charged in order to prosecute him for it, when he would not have committed an offense of that general character except for the urging of the agent, no conviction may be had . . . . Among the suggested bases for the application of this principle is estoppel of the government by the acts of its officers on the ground of public policy, the courts stating that 'they will not permit their process to be used in aid of a scheme for the actual creation of a crime by those whose duty is to deter its commission.' " *State* v. *Marquardt,* 139 Conn. 1, 4. "Entrapment cannot be successfully relied on as a defense unless the criminal design arose *solely* in the mind of the police . . . . A predisposition to commit the crime, which is triggered by circumstances created by, or under the control of, the police, does not set the stage for the defense of entrapment [italics supplied]." *State* v. *Taylor,* 153 Conn. 72, 84. The facts of the instant case fall within this rule and support a conclusion that the criminal design did not arise "solely" in the mind of the officer. The principle referred to as entrapment places no limitation on the right of officers of the law to obtain evidence of any crime originating in the mind of another. *State* v. *Marquardt,* supra, 8.[1] The defendant's speed was an act of his own volition. For a distance of a mile and a half, the defendant had the opportunity to reduce his speed and he chose not to do so. The claims of the defendant are not sufficient to have justified the court in submitting the defense of entrapment to the jury.

[1] For a recent case on the law of entrapment, see *State* v. *Whitney,* 157 Conn. 133.

One other aspect of the application of the defense of entrapment requires consideration. In an attempt to vitiate the principle that the police officer must be shown to have had an intent to induce the commission of the crime or the violation of the law, the defendant cites *State* v. *Ragland,* 4 Conn. Cir. Ct. 424, claiming that *Ragland* held that such an intent was not an essential element. In the first place, the facts in *Ragland* were materially different from those presented here. In *Ragland,* the defendant was under arrest and subservient to the orders of a police officer when the motor vehicle violation was alleged to have been committed. That aside, the court stated (p. 429) : "The facts do not bring the matter squarely within the doctrine of entrapment." The defendant's contention in this respect is without merit.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.