STATE OF CONNECTICUT *v.* KAREN GERVAIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 17-5572

Argued October 28—decided December 6, 1968

*Howard R. Steeg,* of Bristol, for the appellant (defendant).

*M. Paul Mikolitch,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The intermediate appellate procedures in this case are summarized: The defendant was sentenced on October 17, 1966. On October 18, 1966, she filed a notice of intention to appeal and a request for an extension of time in which to file her appeal until November 1, 1966, to enable the court

reporter to complete the transcript of evidence, which motion was granted. Similar motions were thereafter filed and granted by the trial court, the last order extending the time for filing the appeal to September 30, 1967. The appeal was filed on September 28, 1967, and on the same date the defendant moved the court to certify the transcript pursuant to Practice Book § 960, which motion was denied on October 20, 1967. On November 16, 1967, the defendant filed a motion requesting that the court open the judgment, set it aside and dismiss the case, which motion was denied on February 13, 1968. On March 9, 1968, the defendant moved for a mistrial, which motion was denied on April 10, 1968. On April 16, 1968, the defendant filed a motion with the Appellate Division to remand the case and order discharge of the defendant. Argument on this last motion was directed to us on June 10, 1968, and in our decision of June 14, 1968, denying the motion we said in part: "Counsel appearing before us have agreed, within ten days, to enter into a stipulation tending to correct the errors in the transcript of evidence and to submit it to the trial court, substantially in accordance with Practice Book § 675 [see Practice Book § 1023]. It may follow that no further action by this court with regard to correction of the transcript will be necessary and the defendant may then proceed to perfect her appeal." Following our decision, counsel stipulated as to claimed errors in the transcript of evidence, filed the stipulation with the trial court, and on June 13, 1968, moved to have the transcript certified for appeal, which motion was denied on the ground that it was not in conformity with our mandate. Thereafter, on July 1, 1968, the defendant moved the court to correct the transcript of evidence, which motion was denied on August 29, 1968, on the same ground.

There is now presented to us a motion dated September 18, 1968, for an order directing the trial court to correct the transcript of evidence. This we cannot do, at least until such time as prescribed procedures have been adhered to. It is the duty of an appellant to furnish the transcript of evidence and to assert that it is acceptable under our rules. Practice Book §§ 960, 962; *State* v. *Tode,* 23 Conn. Sup. 454, 457, 1 Conn. Cir. Ct. 308, 311; *State* v. *Fields,* 5 Conn. Cir. Ct. 384, 387. One of our rules requires that such a transcript be certified by the official stenographer and the trial court. Practice Book § 960. Obviously, the defendant seeks to fulfil this requirement. As we said in denying the defendant's motion of April 16, 1968, "It is conceded by both counsel that neither of them is in any way to blame for the unconscionable delay in having the stenographic notes transcribed. In oral argument it was also agreed that there were substantial inaccuracies in the transcript which may have induced the court to refuse to certify." The transcript of evidence is not, even at this date, before us. On the basis of the record, we may reasonably conclude that notwithstanding the stipulation by counsel substantial inaccuracies still exist in the view taken by the trial court.

Under these particular circumstances the parties are required to follow procedures to which we previously referred and which we emphasize. "The ultimate responsibility still rests upon the court; and if, from [the court's] notes of the testimony or memory, it concludes that the transcript is incorrect, it is its duty to correct it. If a party feels aggrieved by such a correction, he can seek relief by proceedings to rectify the appeal under . . . [§§ 675 and 695] of the Practice Book . . . ." *Papallo* v. *Meriden Savings Bank,* 128 Conn. 289, 291. The sections mentioned, as well as § 692, concerning supervision of

procedure on appeal, are specifically made applicable to the Circuit Court, in proceedings of this nature, by Practice Book § 1023. It is axiomatic to make reference to the portion of Practice Book § 675 providing for corrections in the record on appeal. See Maltbie, Conn. App. Proc. § 285. Any motion seeking such corrections should be made in the first instance to the trial judge. "Such judge may, either on his own motion or on a motion filed hereunder by any party, *after hearing,* make such corrections . . . [italics supplied]." Practice Book § 675. Thereafter the action of the trial judge as regards such a correction may be reviewed by this court under either §§ 692 or 695 of the Practice Book.

The motion for an order of the Appellate Division directing the trial court to correct the transcript of evidence is denied, and it is ordered that further proceedings be taken not inconsistent with this opinion.

WISE, DEARINGTON and MACDONALD, Js., participated in this decision.