FRANK PIASCIK *v.* STONE, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 15-656-6165

Argued March 5—decided June 15, 1973

*Roger J. Frechette,* of New Haven, for the appellant (defendant).

*Daniel J. Hagearty,* of New Britain, for the appellee (plaintiff).

DEARINGTON, J. The plaintiff alleged in his complaint as follows: He entered into an agreement with the defendant to purchase a home and thereupon paid the defendant $1500 as a deposit. The defendant represented that occupancy would be ready on or before September 23, 1963. Later, on September 20, the plaintiff agreed to take occupancy if the home would be ready in four or five days; however, the home was not completed at any time prior to October, 1963. The plaintiff seeks return of the deposit.

The defendant admitted the original agreement, the receipt of a $1300 deposit and the fact that the plaintiff had requested a return of the deposit. The remaining allegations were denied. By way of a counterclaim the defendant sought damages for the neglect or refusal of the plaintiff to purchase the property according to the agreement.

The court rendered judgment for the plaintiff and the defendant has appealed, assigning error in both the finding and the conclusions, in the overruling of certain claims of law, in rulings on evidence, and in the judgment for the plaintiff in that the complaint referred to an express contract, whereas no evidence was introduced to support such a contract and the parol evidence rule prohibited reception of evidence supporting an oral contract.

We first review the assignment of error directed to the finding. The defendant claims that the court erred in not finding some fifty-seven paragraphs, each set forth in its draft finding. The record is barren of any motion to correct the finding. It is obvious that the error assigned here cannot be reviewed, since the court was afforded no opportunity to correct its finding if, indeed, the finding required correction. Practice Book § 981; *Chem-Tronix Laboratories, Inc.* v. *Solocast Co.,* 5 Conn. Cir. Ct. 533, 534; *State* v. *Caponigro,* 4 Conn. Cir. Ct. 603, 614. "A finding unattacked is presumed to contain all relevant facts, and if the finding fails to state all the material facts, the . . . [appellate] court must nevertheless decide the case upon the basis of those which do appear." Maltbie, Conn. App. Proc. § 130.

The defendant further assigns error in the finding, claiming that the court recited certain facts when such facts were unsupported by the evidence. Again, the finding was not challenged by a motion to correct, as already discussed, and we cannot review this assignment of error.

The finding, which cannot be disturbed for reasons already considered, recites the following facts: On June 16, 1963, the plaintiff looked at a model house built by the defendant and on the next day made a deposit of $275 for a lot owned by the defendant. The parties entered into an agreement on June 29 for the erection on lot 48 of a house substantially similar to the model house and signed a contract; a down payment of $1000 was made. At the time of the signing, Elliot Stone, an agent of the defendant, agreed that the date of occupancy would be by September 23, 1963. Ordinarily, such a house can be erected in ninety days. The plaintiff visited the construction site about once a week from the time the footings were poured until September 23.

On the latter date, the house was not completed nor ready for occupancy. Thereafter, the plaintiff visited the property once a week for the purpose of inducing the defendant to fix a closing date. During the second week of October, the plaintiff discussed the matter with the defendant and was told that the defendant was unable to get a representative from the Federal Housing Authority to inspect the house. During the last week of October, the plaintiff was being pressed to vacate the apartment in which he was then living. The defendant was so informed and then requested that the plaintiff pay rent. The plaintiff refused to accept such an arrangement since he believed his down payment did not obligate him to pay rent. The plaintiff then informed the defendant that if occupancy of the house could not be had during the first two weeks of December, he would not accept the house and he would insist that his deposit money be returned. The defendant, through one of the Stones, answered that it would not return the deposit, and the plaintiff replied, "Well, in that case, if I have to take you to court to get my money back, I'll do it." The reply was, "Well, you go right ahead; we've taken care of guys like you before." The plaintiff had sufficient funds to go ahead with a "closing" for the purchase of the house and would have moved in during the first or second week of December if the house had been available following an inspection by the Federal Housing Authority. The plaintiff had made it clear that he did not want to move into the house during Christmas week or Christmas weekend. It would have taken four or five days to complete the work remaining unfinished on September 23, and the defendant was unreasonable in delaying its completion and consequent certification by the Federal Housing Authority beyond the end of September. The house was later sold by the

defendant for the same amount the plaintiff had agreed to pay. The defendant, on January 3, 1964, for the first time offered to close the sale.

The court, in brief, concluded that $1275 had been paid the defendant by the plaintiff and that an occupancy of September 23 had been fixed. Such a date was reasonable, since the house could be constructed within a ninety-day period. On September 23, the house was not ready for occupancy. During the first weeks of October the plaintiff requested a closing date, and he extended the closing to the first two weeks of December, but no longer. Any delay in the completion of the house was not the fault of the plaintiff but attributable to the defendant. The contract called for occupancy in approximately ninety days, and an additional period of ninety days was unreasonable. The failure of the defendant to close within a reasonable time (by the second week of December) was a breach of the contract by the defendant. The plaintiff had offered to waive the breach up to the first week of December, which offer was not accepted by the defendant. The plaintiff is entitled to a return of his deposit together with interest from January, 1964. The defendant failed to sustain its burden of proof on its counterclaim.

There are some nineteen recitals in the court's conclusions, of which the defendant has challenged fifteen on the ground that they were not supported by the subordinate facts. "These conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." *Vogel* v. *New Milford,* 161 Conn. 490, 494.

The defendant's basic claim appears to be that the trial court in its finding predicated its determination of the defendant's liability upon a breach

which was not alleged in the complaint. The defendant argues that the plaintiff was bound by the cause of action stated in his complaint, which alleged that the defendant represented that the house would be ready for occupancy on or before September 23, 1963, whereas the court concluded that the house had not been completed within a reasonable time. Such noncompletion, the court determined, was a breach of agreement. The written agreement provides that the "[s]eller agrees to complete the same [house] within a reasonable time." The finding, however, recites that, at the time the agreement was executed, the defendant, through Elliot Stone, its qualified agent, agreed with the plaintiff that the date of occupancy would be September 23, 1963. Such an agreement, even if oral, was controlling, since the court found that it was entered into contemporaneously with the execution of the written agreement. *Harris* v. *Clinton,* 142 Conn. 204, 210. Moreover, the court found that occupancy on September 23 was further indicated in an exhibit which included the specifications, was signed by Elliot Stone, and contained the following notation: "Date Occupancy – by 9-23-63." The court was warranted in finding that occupancy of the house on September 23 was agreed to by the parties.

The finding further recites that the house was not ready for occupancy September 23 and that the date of occupancy was extended by the plaintiff to the first two weeks of December, beyond which time the plaintiff would refuse to take occupancy and would seek a return of the deposit. The finding discloses that the house was not ready during this period in December because of the fault of the defendant, and the court concluded that, a reasonable time having elapsed, the plaintiff was entitled to the return of the deposit.

Ordinarily, a plaintiff may not allege one cause of action and recover upon another. *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65. This rule may, however, be subject to modification under certain circumstances, particularly where a variance has come into operation. Ibid. We cannot say upon what theory the case was tried except as the theory is reflected in the finding, for the reason that the finding is unchallenged. It is apparent from the finding that, as the evidence unfolded, the court concluded that the vital date, September 23, 1963, was replaced by a "reasonable time." This determination constituted a variance. If reasonable time becomes an element, it must be determined by the circumstances of each case. *Lockwood* v. *Crawford,* 18 Conn. 361, 372. Under the circumstances of this case, what was a reasonable time became a question of fact. *Bradford Novelty Co.* v. *Technomatic, Inc.,* 142 Conn. 166, 171. When a variance arises, it may become critical if it misleads or prejudices the defendant on the merits of the case. *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599. But a variance must be claimed and an objection must be made in the trial court, and it must be further specified wherein the variance lies. *Fenton* v. *Mansfield,* 82 Conn. 343, 348; see *Antinozzi* v. *A. Vincent Pepe Co.,* 117 Conn. 11, 13. Unless the question is raised at the trial, the claim of variance is deemed to have been waived. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 613. Since there is no recital in the finding on this subject, and since claims of error on evidential rulings were not made in accordance with our rules, as hereinafter pointed out, we cannot determine on the record whether the question of variance was raised during the trial. Moreover, it can hardly be said that the defendant was misled or prejudiced in its defense, for "[j]ustice is not served by accepting a claim of variance

from a party who at all times has been in a position of knowing the true state of facts." *Schaller* v. *Roadside Inn, Inc.,* supra, 67. On the record, this claim of error does not lend itself to review. The plaintiff might have amended his complaint to correspond with the proof, as permitted by § 134 of the Practice Book. See *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 370.

The defendant has assigned error in several of the court's rulings on evidence. Our rules provide that errors in the admission or rejection of evidence "shall be separately numbered and shall refer to an exhibit which shall be annexed and shall set forth the question, the objection, the answer if any, and the exception." Practice Book § 989 (4). The defendant has not complied with this rule. It has, in its assignment of errors on this subject, merely referred to certain paragraphs in its draft finding. The draft finding cannot take the place of an annexed exhibit as required by § 989 (4). Moreover, the draft finding fails to set forth questions, objections, answers if any, and exceptions. See such cases as *Fairfield County Trust Co.* v. *Steinbrecher,* 5 Conn. Cir. Ct. 405, 410; *State* v. *Fields,* 5 Conn. Cir. Ct. 384, 388; *State* v. *Buchanan,* 5 Conn. Cir. Ct. 379, 381; *Fox* v. *Bartolotta,* 2 Conn. Cir. Ct. 677, 680. Absent a compliance with § 989 (4) the errors assigned here cannot be considered.

The defendant further claims error in the court's rulings on certain claims of law, which claims, though not the rulings, are set forth in its draft finding. These claims of law do not appear in the court's finding, which, as has been noted, was not challenged. See Maltbie, Conn. App. Proc. § 142. In its brief, the defendant admits that it did not file a motion to correct the finding and then adds that the trial court evidently meant to overrule the

defendant's claims of law "but by inadvertence, did not do so." On the record "[t]here is no finding by the court that the . . . [defendant] did make such claims. If . . . [it] did make them, the court should have included them in its finding. On the record we cannot determine whether in fact the . . . [defendant] did not make these claims and that hence the court properly refused to find that they were made or whether the claims were made but the court erred in refusing so to find." *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 248; see *State* v. *Dukes,* 157 Conn. 498, 501; *Rifkin* v. *Rifkin,* 155 Conn. 7, 8. We are unable to determine on the record whether the defendant made such claims of law in the trial court and, if it did, whether they were ruled on adversely to the defendant. The conclusions, as they relate to the judgment on the complaint, must stand, since they do not involve the application of an erroneous rule of law material to the case nor are they illogically inconsistent with the facts found.

Finally, the defendant assigns error in the court's conclusion that it did not sustain its burden of proof on its counterclaim. The only recital in the finding on this subject was that the defendant later sold the house for the same price as the plaintiff was to pay. In its counterclaim, the defendant alleged that it was compelled to keep the property off the market for a period of time and to pay construction interest costs, taxes and other expenses. The finding is silent on these allegations, and since we are unable to determine on the record whether the defendant met its burden of proof, the court's conclusion must stand. See *Beach* v. *First National Bank,* 107 Conn. 1, 6.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.