MARGOT W. DONKIN *v.* ARTHUR W. DONKIN

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 160413
NEW HAVEN

Memorandum filed November 1, 1978

*Daggett, Colby & Hooker,* for the plaintiff.

*Broadman, Noble & Franceski,* for the defendant.

AARONSON, J. The plaintiff in this action, Margot Donkin, has filed for a dissolution of her marriage to the defendant, Arthur Donkin, on the basis that the marriage between the plaintiff and the defendant has broken down irretrievably. The defendant has filed a motion to strike the plaintiff's complaint, contending that General Statutes § 46-32 (c) is void for vagueness and denies the defendant his right to due process of law. The defendant argues that the term "irretrievable breakdown" is not defined by statute, Connecticut case law or legislative history. He argues further that there is a lack of clear statement of intention or clear meaning of the statutory language or guidelines for judicial discretion to be applied to contested cases.

General Statutes § 46-32 (c) provides, in pertinent part, as follows: "A decree of dissolution of a marriage . . . shall be granted upon a finding that one of the following causes has occurred: The marriage

has broken down irretrievably . . . ." The plaintiff contends that that language is not constitutionally void for vagueness. She argues that the language has reasonable precision, that it provides a measurable standard for judicial application in both uncontested and contested cases, that the challenge here made has been specifically rejected by other courts passing on "almost identical" statutes, and that courts of Connecticut and of other states have found the challenged language workable and constitutionally precise.

It is fundamental that when a question of constitutionality is raised, courts must approach it with great caution, examine it with infinite care, and sustain the legislation unless its invalidity is clear and beyond a reasonable doubt. *State* v. *Fields,* 5 Conn. Cir. Ct. 384, 386. In Connecticut, no statute will be held void for uncertainty if a practical or sensible effect may be given to it. *State* v. *Fields,* supra.

Statutes providing for a dissolution of marriage based upon a finding that the relationship is no longer viable are a relatively recent development in the law, the first such statute having been enacted into law in California to be effective in 1970. Annot., 55 A.L.R.3d 581, 590. Although the issue has not yet been decided in Connecticut, courts in other states have upheld the validity of such statutes against attacks on grounds of vagueness of the statutory language and denial of due process of law.

In a 1972 California case, *In re Marriage of Walton,* 28 Cal. App. 3d 108, the court held that the California Family Law Act, on which was based the granting of the husband's petition for a dissolution of marriage on the ground of irreconcilable differences which had caused the irremediable breakdown of the marriage, did not contain language which was unreasonably uncertain or ambiguous. The court

stated (p. 116): "We find no unreasonable uncertainty or ambiguity in this language. We do not know that we could improve upon the language of the statute, nor do we intend to substitute our language for that of the statute."

In a 1973 opinion, *Ryan* v. *Ryan,* 277 So. 2d 266 (Fla.), the Florida Supreme Court held that the dissolution of marriage law, which provided as the ground for divorce that the marriage be irretrievably broken down, was not unconstitutional as a denial of due process, since it was not vague, uncertain or indefinite. The court (p. 270) stated: "The quoted language read in context with the remainder of the statute expresses the purpose and intent of the Legislature with sufficient clarity to render it invulnerable to attack that it is unconstitutionally vague and indefinite."

In a 1977 opinion, *Dickson* v. *Dickson,* 238 Ga. 672, the Georgia Supreme Court held that the no-fault divorce provision concerning an irretrievably broken down marriage did not violate due process on the asserted ground that it was too vague and indefinite. "In *Harwell* v. *Harwell,* 233 Ga. 89, 91 . . . (1974), this court defined an 'irretrievably broken' marriage as one 'where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation.' Therefore this court has found the statute capable of definition and application." *Dickson* v. *Dickson,* supra, 673.

The Connecticut standard for dissolution, that "the marriage has broken down irretrievably," is almost identical to the standards in California, Florida and Georgia. This standard is no more unreasonably uncertain, ambiguous, vague, or indefinite, and it should not be held unconstitutional.

Even though the terms "broken down irretrievably" are not specifically defined in § 46-32 (c), the language is reasonably precise and it is an adequate standard to be used by the judge in making his or her subjective determination as to whether the marriage should be dissolved. It is the duty of this court to recognize a reasonable construction of a statute which supports its constitutionality. The defendant has failed to meet his burden of proving that § 46-32 (c) is void for vagueness and violates his due process rights.

For the foregoing reasons, the defendant's motion to strike is hereby denied.